**UNITED STATES of America, Plaintiff–Appellee,**

v.

**STEVEN W. (a Juvenile), Defendant–Appellant.**

**No. 87–1781.**

United States Court of Appeals, Tenth Circuit.

July 5, 1988.

Ann Steinmetz, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Mark Jarmie, Asst. U.S. Atty., (William L. Lutz, U.S. Atty., and David N. Williams, Asst. U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before McKAY, BARRETT and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Defendant Steven W. (a juvenile) was charged on February 13, 1987, with violating the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5037, by committing the offense of assault with a dangerous weapon with intent to do bodily harm. He was arraigned on March 20, 1987, before a United States Magistrate and agreed to admit to the violation. On May 15, 1987, the defendant appeared before the United States District Court which found him to be a juvenile delinquent and placed him on probation for six months.

The afternoon before his hearing in the district court, the defendant asked the court to dismiss the charge against him because of an alleged violation of 18 U.S.C. § 5037. The court denied the motion, and defendant appeals.

The relevant portion of section 5037 in effect at the time, provided:

> If the court finds a juvenile to be a juvenile delinquent, the court shall hold a disposition hearing concerning the appropriate disposition no later than twenty

court days after the juvenile delinquency hearing....

18 U.S.C. § 5037(a). The defendant argues that violation of the twenty day rule requires the dismissal of the charge against him. The government responds that dismissal is inappropriate here. We do not reach the question of the proper remedy for a violation of section 5037 because a threshold issue overlooked by the parties is dispositive in this case.

The plain language of section 5037 states that the twenty day time period begins to run only when the court finds a juvenile to be a delinquent in a juvenile delinquency hearing. Here there are two possible dates on which it could be said that the finding of delinquency was made. The defendant's brief states that on *May 15*, 1987, the court "adjudged the appellant to be a juvenile delinquent," but elsewhere that "[a]ppellant was adjudicated a delinquent on Friday, *March 20*, 1987." (Emphasis added.) Our decision turns on which of these assertions is correct. March 20th was the date defendant was arraigned and agreed to admit to the violation. May 15th was the date he appeared before the district court and was formally adjudged delinquent and sentenced. The district court's order of May 15, 1987 states:

> The Defendant having been convicted upon a finding by the Court on this date [May 15th] that he is a juvenile delinquent, pursuant to the provisions of 18 U.S.C. §§ 5031–5037 ...
>
> .    .    .    .    .
>
> Wherefore,
> IT IS ORDERED, ADJUDGED AND DECREED that Defendant is a juvenile delinquent, as charged in the amended Information; pursuant to the Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5037.

We hold that this order, and not defendant's admission on March 20th, constitutes the court's finding of juvenile delinquency. It was defendant's appearance before the district court, and not his arraignment, that constitutes the "juvenile delinquency hearing" which triggers the twenty day clock of section 5037. Since sentencing took place the same day as the district court hearing, the twenty day rule was not violated and the district court properly denied defendant's motion to dismiss the charge against him.

Our decision is supported by the Supreme Court's holding in *Lott v. United States*, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed. 2d 940 (1961). That case involved a requirement that motions for arrest of judgment be made "within 5 days after determination of guilt." The question was whether the time period began to run upon the district court's acceptance of defendants' *nolo contendere* pleas or upon the entry of judgment. The Court held that "it was the judgment of conviction and sentence, not the tender and acceptance of the pleas of *nolo contendere*, that constituted the 'determination of guilt' within the meaning of" the rule. *Lott*, 367 U.S. at 426, 81 S.Ct. at 1566. The Court noted that a plea itself does not constitute a conviction and that, with the consent of the court, a plea may be withdrawn. "Necessarily, then, it is the judgment of the court—not the plea—that constitutes the 'determination of guilt.'" *Lott*, 367 U.S. at 426–27, 81 S.Ct. at 1566. Likewise, in the case before us, it is the judgment of the court and not the defendant's admission at arraignment that constitutes a finding of juvenile delinquency. We therefore affirm the district court's denial of defendant's motion.

Our holding that section 5037 was not violated makes it unnecessary for us to consider defendant's argument that if there is a violation of section 5037 the constitutional guarantees of due process and a speedy trial make dismissal of charges the necessary remedy.

AFFIRMED.