**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Jean BERNIER, also known as Charles Watson, Defendant–Appellant–Cross–Appellee.**

**No. 448, Dockets 91–1370, 91–1408.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 3, 1991.

Decided Jan. 22, 1992.

See also 758 F.Supp. 195.

Miguel A. Estrada, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Daniel C. Richman, Asst. U.S. Atty., of counsel), for appellee-cross-appellant.

Susan G. Kellman, New York City, for defendant-appellant-cross-appellee.

Before TIMBERS, MINER and ALTIMARI, Circuit Judges.

PER CURIAM:

Defendant-appellant Jean Bernier, also known as Charles Watson, was arrested on July 30, 1990, in connection with the March 1990 robbery of a branch office of Seamen's Bank, and the May 1990 robbery of a branch office of Chase Manhattan Bank. An indictment for both robberies, filed on October 4, 1990, charged Bernier with two counts of bank robbery, *see* 18 U.S.C. § 2113; two counts of using a firearm during the commission of a crime of violence, *see id.* § 924(c); and three counts of possession of a firearm by a convicted felon, *see id.* § 922(g). After a bench trial, Bernier was convicted of all counts on December 4, 1990. In addition to the sentences imposed for the other convictions, Judge Sweet imposed a five year sentence for one of the section 924(c) convictions, and an enhanced 20 year sentence for Bernier's other section 924(c) conviction. In total, Bernier was sentenced to imprisonment for a term of 35 years.

Bernier now challenges the imposition of the enhanced 20 year penalty. He argues that neither the language of section 924(c) nor the intent of Congress supports imposition of the enhanced sentence for the second of two simultaneous convictions under the statute. Bernier also suggests that the statute does not provide notice, consistent with due process, of such a sentencing scheme.

Bernier also contends that he was denied the effective assistance of counsel at trial, in violation of his Sixth Amendment rights, and that one of the counts in his indictment should have been dismissed with prejudice as brought in violation of 18 U.S.C. § 3161 (Speedy Trial Act). While the United States filed a notice of appeal challenging the district court's downward departure from the United States Sentencing Guidelines range for Bernier's non-section 924(c) convictions, the parties stipulated on October 1, 1991, to dismissal of the government's cross-appeal. We will address only Bernier's section 924(c) claim, which raises an issue of first impression in this Circuit, having considered Bernier's other contentions and found them to be without merit. For the reasons that follow, the judgment of the district court is affirmed.

## DISCUSSION

We begin our analysis of Bernier's section 924(c) claim with the language of the statute, and give the words used in the statute their ordinary meaning. *See Moskal v. United States*, — U.S. —, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990) (citations omitted); *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 733 (2d Cir.1983) (citations omitted). Section 924(c) provides, in pertinent part, that

"[w]hoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years.... In the case of his *second or subsequent* conviction under this subsection, such person shall be sentenced to imprisonment for twenty years...."

*See* 18 U.S.C. § 924(c)(1) (emphasis added). The plain language of the statute—"second *or* subsequent"—means that the enhanced 20 year penalty must be imposed notwithstanding the simultaneity of the second conviction. While it is conceivable that the word "subsequent" is used as a synonym for the word "second" in section 924(c), the use of the connector "or" (rather than "and"), and the absence of commas around the "or subsequent" phrase, suggest that each word in the statute was meant to be different; hence the use of different words.

Indeed, courts must give effect to every word of a statute where possible. *See Bowsher v. Merck & Co.*, 460 U.S. 824, 833, 103 S.Ct. 1587, 1593, 75 L.Ed.2d 580

(1983) (citing *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 163, 102 S.Ct. 3014, 3027, 73 L.Ed.2d 664 (1982)). The sole exception to this rule of construction applies where the statute groups words together in a list, in which case the words should be given a related meaning. *See Securities Indus. Ass'n v. Board of Governors of the Fed. Reserve Sys.*, 468 U.S. 207, 218, 104 S.Ct. 3003, 3009, 82 L.Ed.2d 158 (1984) (citing *Third Nat'l Bank v. Impac Ltd.*, 432 U.S. 312, 322, 97 S.Ct. 2307, 2313, 53 L.Ed.2d 368 (1977)). No "list" appears in section 924(c), which contains only two words. Accordingly, each word should be given separate effect according to its plain meaning.

Bernier's attempt to draw an analogy between section 924(c) and section 4B1.1 of the United States Sentencing Guidelines, which requires convictions separated in time to enhance a sentence, is misplaced. Section 4B1.1 of the Guidelines states that a "career offender" is one who has "two *prior* felony convictions." *See* U.S.S.G. § 4b1.1 (emphasis added). Section 4B1.2(3) of the Guidelines further elaborates that " 'two prior felony convictions' means ... the defendant committed the instant offense subsequent to sustaining at least two felony convictions." *See id.* § 4B1.2(3). Therefore, as we have pointed out, the language of the Sentencing Guidelines plainly requires that the conviction for which an enhanced penalty is imposed occur after the other convictions. *See United States v. Chartier*, 933 F.2d 111, 113–14 (2d Cir. 1991). This language is much different from the language of section 924(c). We have held that even as to the two prior felony convictions required for enhancement under the Sentencing Guidelines, a conviction for the first felony offense need not precede commission of the second felony offense. *See id.* at 114; *see also United States v. Mitchell*, 932 F.2d 1027, 1028 (2d Cir.1991) (per curiam) (analogous holding under 18 U.S.C. 924(e) (Armed Career Criminal Act)).

The provisions of section 924(e) demonstrate that when Congress intends to require prior convictions as a predicate for enhanced sentencing, it uses clear language to effectuate its intent. *See* 18 U.S.C. § 924(e) (enhanced sentence imposed on person who "violates section 922(g) of this title and has three previous convictions ... for a violent felony ... committed on occasions different from one another"). Because section 924(c) clearly mandates enhanced sentencing in the case of a second but simultaneous conviction under the statute, we also believe that the statute does not violate due process on grounds of vagueness or lack of notice. *See Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (criminal statute consistent with due process where offense is defined in such a way that ordinary people can understand what is prohibited and arbitrary or discriminatory enforcement is not encouraged).

■ Although we need not consider the legislative history of section 924(c) because of the statute's clarity, we note that the legislative history surveyed by Bernier does not contradict the plain language of the statute. Rather, the legislative history makes clear the intent of Congress to deter multiple commissions of a crime with a gun. Bernier contends that deterrence is most effective when the enhanced penalty is imposed only in connection with a subsequent conviction. We do not agree. Under the plain language of section 924(c), an enhanced deterrent effect is felt (if at all) as soon as the first crime is committed, rather than later, when the first conviction is obtained. Surely this provides deterrence at least as effective as that provided by Bernier's preferred interpretation of the statute. Nor is there any basis in the legislative history for claiming, as Bernier does, that Congress intended to give defendants a "second chance" or a "chance to learn their lesson." The theme of deterrence present in the legislative history, clearly reflected by the language of the statute, suggests that the lesson is to be learned, if necessary, all at once.

We note also that our conclusion about the applicability of enhanced sentencing under section 924(c) has been reached, on similar reasoning, by the Fourth Circuit, *see United States v. Raynor*, 939 F.2d 191,

193–94 (4th Cir.1991); the Sixth Circuit, *see United States v. Nabors*, 901 F.2d 1351, 1358 (6th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990); *see also United States v. Livingston*, 941 F.2d 431, 435–36 (6th Cir.1991); the Seventh Circuit, *see United States v. Bennett*, 908 F.2d 189, 194 (7th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 534, 112 L.Ed.2d 544 (1990); the Eighth Circuit, *see United States v. Foote*, 898 F.2d 659, 668 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 112, 112 L.Ed.2d 81 (1990); and the Eleventh Circuit, *see United States v. Rawlings*, 821 F.2d 1543, 1545–46 (11th Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). While the Third Circuit has reversed a section 924(c) case with instructions to impose only a single 5 year sentence for two section 924(c) convictions, it appears to have done so because the government stipulated five years as the appropriate penalty. *See United States v. Torres*, 862 F.2d 1025, 1032 (3d Cir.1988).

## CONCLUSION

The judgment of the district court is affirmed.