UNITED STATES of America,
Plaintiff–Appellee,

v.

Orestes Luciano ABREU,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

James David THORNBRUGH,
Defendant–Appellant.

Nos. 89–4145, 89–5166 and 89–5173.

United States Court of Appeals,
Tenth Circuit.

April 13, 1992.

David K. Smith, Midvale, Utah, filed a brief, for defendant-appellant Abreu.

Paul M. Warner, Acting U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., Salt Lake City, Utah, and Robert J. Erickson, Atty., Dept. of Justice, Washington, D.C., filed a brief, for plaintiff-appellee in No. 89–4145.

Vicki Mandell–King, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant Thornbrugh.

Robert J. Erickson, Atty., Dept. of Justice, Washington, D.C. (Tony M. Graham, U.S. Atty., Tulsa, Okl., with him, on the brief), for plaintiff–appellee, in Nos. 89–5166 and 89–5173.

Before McKAY, Chief Judge, HOLLOWAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, and EBEL, Circuit Judges.

## OPINION ON REHEARING EN BANC

SEYMOUR, Circuit Judge.

The court, on its own motion, ordered rehearing en banc in these two appeals to consider the interpretation of the enhancement provision in 18 U.S.C. § 924(c)(1) (1988). The remaining issues raised on appeal are decided separately in two panel opinions filed simultaneously with this opinion. *See United States v. Abreu*, 962 F.2d 1425 (10th Cir.1992); *United States v. Thornbrugh*, 962 F.2d 1438 (10th Cir.1992).

### I.

Orestes Abreu was charged in a second superseding indictment with one count of conspiring to possess cocaine with intent to distribute, one substantive count of possessing cocaine with intent to distribute, and four counts of using a firearm during and in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1).[1] Two of the section 924 charges pertained to the conspiracy count; one of those charges alleged the use of a rifle, and one alleged the use of a revolver. The remaining two section 924 charges pertained to the count charging the substantive drug offense, which was also alleged to be an overt act in furtherance of the conspiracy. One of these section 924 charges alleged the use of the rifle during the substantive offense, and the other alleged use of the revolver. Abreu was convicted on all counts. In

addition to the sentences imposed on the conspiracy and drug charges, the trial court sentenced Abreu on two of the section 924 charges. The court imposed a 60–month sentence on the count charging the use of a revolver during the substantive drug offense, and an enhanced sentence of 120 months on the charge alleging use of a rifle during the conspiracy offense, the sentences to run consecutively to the drug charges and to each other.

James Thornbrugh was charged in a six-count indictment with three counts of bank robbery, occurring on three different dates, and three section 924 counts, one pertaining to each of the alleged bank robbery offenses. He was found guilty on all six counts. In addition to giving Thornbrugh concurrent sentences on the robbery offenses, the court imposed a 60–month sentence on one section 924 count, and enhanced 240–month sentences on each of the other two, these sentences to run concurrently to the robbery sentences and consecutively to each other.

Abreu and Thornbrugh both raise the propriety of their enhanced sentences under section 924. That section currently provides in pertinent part:

"Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years,.... *In the case of his second or subsequent conviction* under this subsection, *such person shall be sentenced to imprisonment for twenty years....*"

18 U.S.C. § 924(c)(1) (emphasis added).[2] Defendants challenge the applicability of

---

**1.** Abreu was also charged with failure to appear in violation of 18 U.S.C. § 3146(a)(1) (1988). He pled guilty to that charge and it is not at issue on appeal.

**2.** Abreu committed the offenses at issue on April 3, 1988. At that time, section 924(c)(1) provided for a mandatory sentence of five years on a first offense, and a mandatory sentence of

the sentence enhancement provision for a "second or subsequent conviction." The government urges this court to hold that the phrase "second or subsequent conviction" includes one of two separate offenses charged in the same indictment. For purposes of our en banc consideration, we asked the parties to address whether under 18 U.S.C. § 924(c) an enhanced sentence for a "second or subsequent conviction" may be imposed:

(1) when a defendant is convicted of two or more separate offenses charged in the same indictment regardless of when the offenses occurred; or

(2) only when a defendant is convicted of an offense that was committed in a subsequent *transaction* distinct from the conduct constituting the first section 924(c) offense, without regard to when the first conviction occurred; or

(3) only when a defendant is convicted of an offense that was committed subsequent to an earlier *conviction* under section 924(c).

## II.

■ In order to ascertain the meaning of section 924(c), we begin with the text of the statute itself. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). "Second" is defined as

"next to the first in place or time." *Webster's Third New International Dictionary,* 2050 (1981). "Subsequent" is defined as "following in time" or "following in order of place." *Id.* at 2278. *Black's Law Dictionary,* 1351 (6th Deluxe Ed. 1990), defines "second" as "sequence in point or time." "Subsequent" is defined as "[f]ollowing time; coming or being later than something else; succeeding." *Id.* at 1427. Thus, while the words "second" and "subsequent" can be arguably read to refer to multiple events occurring at the same point in time, both words can equally plausibly be read as referring to two or more than two events that occur sequentially in time.

The textual ambiguity arising from the use of the words "second or subsequent" is heightened by the fact that these words modify "conviction," a term not defined in the statute itself and which one court has described as "a chameleon." *Harmon v. Teamsters Local Union 371,* 832 F.2d 976, 978 (7th Cir.1987). The Supreme Court has noted that "the terms 'convicted' or 'conviction' do not have the same meaning in every federal statute," *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 112 n. 6, 103 S.Ct. 986 n. 6, 74 L.Ed.2d 845 (1983), rather, the terms "vary from statute to statute," *id.* at 113 n. 7, 103 S.Ct. at 992 n. 7.[3] Indeed, this court has held that a conviction occurs upon entry of a guilty plea for purposes of 28 C.F.R. § 2.52(c)(2), which requires the Parole Commission to

---

ten years on a "second or subsequent conviction." *See* 18 U.S.C. § 924(c)(1) (Supp. V 1987). The statute was amended by the Anti–Drug Abuse Act of 1988, Pub.L.No. 100–690, § 6460(2)(A), 102 Stat. 4181, 4373 (Nov. 18, 1988), to provide a mandatory sentence of twenty years in the case of a second or subsequent conviction. *See* 18 U.S.C. § 924(c)(1) (1988). Thornbrugh committed his offenses in 1989 and was sentenced under the current version.

**3.** The Court in *Dickerson* addressed the meaning of the term "convicted" in the Gun Control Act of 1968, 18 U.S.C. §§ 922(g)(1), (h)(1). At issue was whether a defendant was "convicted" within the meaning of the statute when he pled guilty to a state crime under a deferred sentencing procedure in which no judgment of conviction was entered. The Court there held as a matter of federal law that a person is convicted

for purposes of the Gun Control Act upon a plea of guilty. This decision is not helpful to the instant inquiry for two reasons. First, the Court stressed that the Gun Control Act specifically applies not only to those convicted of a state crime, but to those who have only been indicted. *See* 460 U.S. at 115–16, 103 S.Ct. at 993–94. The Court viewed the inclusion of indicted status as indicative of congressional intent that the term "convicted" be construed broadly. Section 924(c) has no comparable provision. Second, Congress has effectively overruled *Dickerson* in the Firearms Owners' Protection Act, Pub.L.No. 99–308, §§ 102(6), 104(b), 100 Stat. 449, 452, 459 (1986), which expressly adopts the particular state's definition of conviction. *See United States v. Pennon,* 816 F.2d 527, 529 (10th Cir.), *cert. denied,* 484 U.S. 987, 108 S.Ct. 506, 98 L.Ed.2d 504 (1987).

order forfeiture of street time if a parolee is "convicted" of a new offense punishable by imprisonment. *See DeCuir v. United States Parole Comm'n*, 800 F.2d 1021, 1023 (10th Cir.1986). There, however, the regulation also stated that "[a]n actual term of confinement or imprisonment need not have been imposed for such conviction." 28 C.F.R. 2.52(c)(2). On the other hand, we have also held that a conviction for purposes of adjudging a defendant as a juvenile delinquent occurs not upon the plea but upon the entry of judgment. *See United States v. Steven W.*, 850 F.2d 648, 649 (10th Cir.1988) (citing *Lott v. United States*, 367 U.S. 421, 426, 81 S.Ct. 1563, 1566–67, 6 L.Ed.2d 940 (1961) ("the plea itself does not constitute a conviction")), *cert. denied*, 488 U.S. 1012, 109 S.Ct. 801, 102 L.Ed.2d 791 (1988).

In short, "second or subsequent" can be read to describe either multiple events occurring at one time or multiple events occurring in a chronological sequence. "Conviction" can refer either to the return of a jury verdict of guilt or to the court's entry of judgment on that verdict. Accordingly, the text of the statute does not compel the construction that a second or subsequent conviction occurs when a defendant is charged in one indictment with more than one section 924(c) offense and a single judgment of conviction is entered on that indictment. Given the impossibility of discerning a plain meaning of "second or subsequent conviction" from the language of the statutory phrase, we conclude that the phrase is ambiguous.

■ When the plain language of the statute does not unambiguously reveal its meaning, we turn to the legislative history. *See Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1547–48, 79 L.Ed.2d 891 (1984). The legislative history regarding section 924(c) is sparse.

> "[Section] 924(c) was offered as an amendment on the House floor by Representative Poff, and passed on the same day. Accordingly, the committee reports and congressional hearings to which we normally turn for aid in these situations simply do not exist, and we are forced in

consequence to search for clues to congressional intent in the sparse pages of floor debate that make up the relevant legislative history."

*Busic v. United States*, 446 U.S. 398, 405, 100 S.Ct. 1747, 1752, 64 L.Ed.2d 381 (1980) (citations omitted).

One of the few relevant statements made with respect to the language in question is the following observation by Representative Poff, one of section 924(c)'s sponsors. He stated that the intended effect of the provision's minimum mandatory penalty was

> "to persuade the man who is tempted to commit a Federal felony to leave his gun at home. Any such person should understand that if he uses his gun and *is caught and convicted, he is going to jail.* He should further understand that *if he does so a second time, he is going to jail for a longer time.*"

114 Cong.Rec. 22231 (daily ed. July 19, 1968) (emphasis added). Representative Rogers echoed Poff's statement: "[A]ny person who commits a crime and uses a gun will know that he cannot get out of serving a penalty in jail. And if he does it a second time, there will be a stronger penalty." *Id.* at 22237. As with the statutory language itself, these isolated statements could support either of two equally plausible meanings. In our judgment, however, the legislators' repeated reference to committing a section 924(c) crime "a second time" does not compel a particular interpretation of "second or subsequent *conviction.*"

Thus, "[n]either the wording of the statute nor its legislative history points clearly to either meaning. In that circumstance, the Court applies a policy of lenity and adopts the less harsh meaning." *Ladner v. United States*, 358 U.S. 169, 177, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958); *see also Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *United States v. Bass*, 404 U.S. 336, 347–48, 92 S.Ct. 515, 522–23, 30 L.Ed.2d 488 (1971); *United States v. Freisinger*, 937 F.2d 383, 391 (8th Cir.1991) (construing ambiguous language in 924(c)(1) in

defendant's favor in different context); *United States v. Chalan*, 812 F.2d 1302, 1317 (10th Cir.1987) (same). This principle is equally applicable in construing sentencing provisions. *See, e.g., Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 1985, 109 L.Ed.2d 408 (1990).

■ Application of the rule of lenity is particularly appropriate in this case. As we have pointed out, "[s]econd and subsequent offense statutes are admittedly harsh and must be strictly construed to avoid and protect against unintended applications." *Rogers v. United States*, 325 F.2d 485, 487 (10th Cir.1963), *reversed on other grounds and remanded for resentencing*, 378 U.S. 549, 84 S.Ct. 1932, 10 L.Ed.2d 1041 (1964); *see also Gonzalez v. United States*, 224 F.2d 431, 435 (1st Cir. 1955).

"While in common parlance a verdict of guilty is said to be a conviction, it must be given its strict legal meaning when a second offense is made a distinct crime, carrying with it heavier penalties. The authorities overwhelmingly establish, first, that in the legal sense a conviction is a judgment on a plea or verdict of guilty; second, a second offense, carrying with it a more severe sentence, cannot be committed in law until there has been a judgment on the first; third, the indictment, charging the accused of being a second offender, must set forth the fact of the prior conviction, as that is an element of the offense in the sense that it aggravates the offense described in the indictment, and authorizes the increased punishment."

*Singer v. United States*, 278 F. 415, 420 (3rd Cir.), *cert. denied*, 258 U.S. 620, 42 S.Ct. 272, 66 L.Ed. 795 (1922). It is clear that, as did the statute at issue in *Singer*, section 924(c) creates distinct offenses rather than being merely a sentencing enhancement provision. *See Simpson v. United States*, 435 U.S. 6, 10, 98 S.Ct. 909, 911–12, 55 L.Ed.2d 70 (1978); *United States v. Adams*, 771 F.2d 783, 787 (3d Cir.) (construing Special Dangerous Offender Act and distinguishing *Singer* as concerning statute creating second distinct offense), *cert.*

*denied*, 474 U.S. 1013, 106 S.Ct. 545, 88 L.Ed.2d 474 (1985). Thus, the same principles of lenity and strict construction apply here. that were applicable in *Singer*. We are not at liberty to interpret section 924(c) "so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Ladner*, 358 U.S. at 178, 79 S.Ct. at 214.

Although we have focused only on the statutory language and its legislative history thus far in our attempt to ascertain congressional intent, the Supreme Court has indicated that reference to other statutes may be appropriate as well. *See, e.g., United States v. American Trucking Ass'ns*, 310 U.S. 534, 543–44, 60 S.Ct. 1059, 1063–64, 84 L.Ed. 1345 (1940). In *American Trucking*, the Court interpreted the Motor Carrier Act of 1935 in light of the Hours of Service Act, the Motor Vehicle Act, the laws governing the Civil Aeronautics Authority, and the subsequently enacted Fair Labor Standards Act. Significantly, the Court in *American Trucking* was "especially hesitant" to interpret the clause in question in a way that would deviate from the meaning of other related statutes because it was adopted as a floor amendment. *See* 310 U.S. at 546–47, 60 S.Ct. at 1065–66. In *Dickerson*, the Court likewise turned to related federal statutes and their legislative history. *See* 460 U.S. at 117–18, 103 S.Ct. at 994–95.

These authorities support an interpretation of section 924(c) that is informed by the numerous statutes requiring the enhancement of a sentence because of the commission of a subsequent offense. Congress has enacted many statutes providing for enhancement on the basis of the *commission* of a second offense *after* a prior conviction. *See, e.g.*, 18 U.S.C. § 3575(e) (1982) (special offender statute); 21 U.S.C. § 841(b)(1) (1988) (commission of drug crime after prior drug convictions); 21 U.S.C. § 844(a) (1988) (simple possession of drugs after two or more prior convictions); 21 U.S.C. § 845(a) (engaging in continuing criminal enterprise after prior conviction); 21 U.S.C. § 859(b) (1988) (distributing drugs. to minor after prior conviction); 21

U.S.C. § 860(b) (1988) (distributing or manufacturing drugs near school after prior conviction); 21 U.S.C. § 861(c) (1988) (employing minors to violate drug laws after prior conviction). The government has not pointed us to any federal enhancement statute in which a prior conviction was not required.

Moreover, in 28 U.S.C. § 994(h), Congress addressed the promulgation of sentencing guidelines applicable to defendants categorized as career offenders. Such defendants were there defined as those who, inter alia, had "previously been convicted of two or more prior felonies." *Id.* § 994(h)(2). The sentencing guideline implementing this directive, section 4B1.2(3), states that "[t]he term 'two prior felony convictions' means [that] the defendant committed the instant offense subsequent to sustaining at least two felony convictions." The guideline further states that the "date that a defendant sustained a conviction shall be the date the judgment of conviction was entered," thus precluding a conviction arising from the same indictment as the offense of conviction to be counted as a 'prior felony' for purposes of placing the defendant in the career offender category. *Id.*

We find particularly significant the sentence enhancement statute pertaining to illegally importing and exporting drugs, which doubles the otherwise authorized punishment in the case of a "second or subsequent *offense.*" *See* 21 U.S.C. § 962(a) (1988) (emphasis added). Congress in that instance specifically stated that "[f]or purposes of this section, a person shall be considered convicted of a second or subsequent offense if, prior to the commission of such offense, one or more prior convictions of him under [laws relating to drugs] have become final." *Id.* § 962(b).

Finally, construing "second or subsequent conviction" to require that the offense underlying that conviction be committed after a defendant has received a judgment of conviction on the prior offense implements the legislative purpose upon which all such subsequent-offense statutes

are grounded. These statutes were the subject of early attacks on the basis of double jeopardy. Defendants argued that the increased severity of the sentence for the second offense was in effect a second punishment for the first offense. In rejecting this argument, the Supreme Court stated that rather than punishing the defendant again for the first offense, "the statute 'imposes a higher punishment for the same offense upon one who proves, by a second or third conviction, that the former *punishment* has been inefficacious in doing the work of reform, for which it was designed.'" *Moore v. Missouri*, 159 U.S. 673, 677, 16 S.Ct. 179, 181, 40 L.Ed. 301 (1895) (emphasis added). The purpose and construction of subsequent-offender statutes was also considered at length in *Gonzalez*, 224 F.2d 431. The court there considered whether a prior conviction must occur before the commission of the subsequent offense in the context of the particular statute and facts before it. However, its discussion of the purpose to be achieved by these types of statutes generally, and the construction which this purpose requires, is equally relevant here. The court pointed to the Supreme Court's language in *Moore* that we have quoted above as recognizing that "the reformation and retribution theories of punishment [are] the primary reasons for imposing greater penalties on the repeater." *Id.* at 433. The court reasoned that

"if subsequent offender statutes are intended to reform the offender and deprive him by reason of his incarceration of the opportunity for continued criminal conduct, then such statutes would seem to apply properly only to offenders convicted prior to the subsequent offense, for the repetition of criminal activity after conviction would show *the inadequacy of a first-offender penalty to perform this function and the need of increased penalties.*"

*Id.* (emphasis added).

We find this logic persuasive. A statute designed to punish a second offender more severely when he has not learned from the penalty imposed for his prior offense should not be construed to apply before

that penalty has had the chance to have the desired effect on the offender. We thus conclude that the primary purpose of. subsequent offense legislation "would be served best by applying the statutes only to those offenders who have been convicted prior to the commission of the subsequent offense." *Id.* at 434. Our conclusion is bolstered by the previously quoted statements of Rep. Poff concerning the effect he intended this provision to have. *See* supra at 1450.

In sum, we conclude that section 924(c) must be strictly construed. Moreover, because the text of the statute and its legislative history reveal an ambiguity concerning the construction Congress intended to give the words "second or subsequent conviction," we must apply the rule of lenity. Under this rule, the words "second or subsequent" mean events that are chronologically sequential, and "conviction" means judgment of conviction. Accordingly, we hold that a defendant may not receive an enhanced sentence under section 924(c) for a second or subsequent conviction unless the offense underlying this conviction took place after a judgment of conviction had been entered on the prior offense. We believe this construction is mandated by the applicable rules of statutory construction, is consistent with the other subsequent-offense statutes enacted by Congress, and best effectuates the purpose underlying such statutes generally.

We recognize that our holding is in conflict with *United States v. Rawlings,* 821 F.2d 1543 (11th Cir.), *cert. denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987), and those circuits that have followed the reasoning of that case. *See United States*

*v. Raynor,* 939 F.2d 191, 193–94 (4th Cir. 1991) (agreeing with *Rawlings* and holding that section 924(c) enhancement applies to defendant charged with two counts in same indictment); *United States v. Nabors,* 901 F.2d 1351, 1358–59 (6th Cir.) (relying on "reasoning in *Rawlings*" to conclude that two separate 924(c) offenses charged in same indictment support enhanced sentences), *cert. denied,* —— U.S. ——, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990); *United States v. Foote,* 898 F.2d 659, 668 (8th Cir.) (agreeing with holding and reasoning of *Rawlings*), *cert. denied,* —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 81 (1990); *United States v. Bennett,* 908 F.2d 189, 194 (7th Cir.) (same), *cert. denied,* —— U.S. ——, 111 S.Ct. 534, 112 L.Ed.2d 544 (1990); *see also United States v. Bernier,* 954 F.2d 818 (2d Cir.1992) (per curiam) (noting holding in *Rawlings* line of cases and reaching same result). However, as discussed above, we simply cannot agree with those courts that the language and legislative history unambiguously demand the harsh construction those courts impose.[4] We find significant their failure to recognize that section 924(c) must be construed strictly, and that the section contains a patent ambiguity arising from the undefined term "conviction." It is clear to us that at a minimum, a "second or subsequent conviction," strictly construed, requires more than one judgment of conviction, thus precluding the result reached in those cases.

Accordingly, we hold that Abreu and Thornbrugh were improperly given enhanced sentences for second or subsequent convictions under section 924(c). Such an enhanced sentence is only proper when the underlying offense has been committed af-

---

**4.** The court in *Rawlings* observed that the habitual offender statute, 18 U.S.C. § 3575, specifically defined a special offender as one who has previously been convicted ... [and] "imprisoned prior to the [instant] felony." Based on this observation, the *Rawlings* court concluded that where Congress intended to provide for enhancement on the basis of previous convictions, it did so explicitly. *United States v. Rawlings,* 821 F.2d at 1546. We do not find this argument persuasive given that section 924(c) was a floor amendment offered and passed on the same day.

We also disagree with the court's statement in *United States v. Raynor,* 939 F.2d at 194, that

Congress's failure to specifically define "second or subsequent conviction" with respect to section 924(c) requires us to construe that section differently from the congressionally mandated construction in 21 U.S.C. § 962(b), *see* supra at 1452. An equally plausible argument can be made that by using the word "conviction" in section 924(c), instead of the word "offense" used in section 962(a), Congress intended the same construction for both provisions without the necessity of a definitional provision in section 924(c) comparable to that in section 962(b).

ter a judgment of conviction on the prior section 924(c) offense. The enhanced sentences under section 924(c) in both cases are REVERSED and the cases are REMANDED for resentencing. For a disposition of the remaining arguments raised individually by each appellant, we direct attention to the panel opinions in those cases.

BRORBY, Circuit Judge, dissenting, joined by TACHA and BALDOCK, Circuit Judges.

Certainly more futile exercises exist than dissenting, but at the moment I can think of none. Nevertheless, the conclusion reached by the majority compels my comment by way of dissent.

The two cases decided are legally identical. Each defendant committed multiple offenses, Thornbrugh having a propensity to commit bank robberies and Abreu a propensity to commit drug offenses. Both defendants utilized firearms in the perpetration of their multiple crimes. Ultimately, each was apprehended, charged with the multiple offenses in a single indictment and convicted of multiple felonies.

At sentencing, the district court applied 18 U.S.C. § 924(c), which reads: "In the case of his second or subsequent conviction ... such person shall be sentenced to...." Thus, the district court enhanced each defendant's sentence for the second conviction which the jury returned simultaneously with the first conviction.

The sole issue to be decided is whether § 924(c) mandates an enhanced sentence when a defendant is convicted of two or more distinct § 924(c) offenses when the offenses are charged in the same indictment.

The majority rejected the analysis employed by all six circuits that have previously considered the question presented. Instead, the majority concluded the statute was ambiguous, applied the rule of lenity, and held the statute applies only when the *commission* of a second offense is preceded by the entry of a judgment of convic-

tion. The majority has thus rewritten 18 U.S.C. § 924(c) to read:

Whoever, having been previously charged and convicted under 924(c) which conviction is evidenced by the entry of a judgment of conviction, then commits another § 924(c) offense shall be sentenced to....

All six of the circuits that have previously considered this question have decided the statute is not ambiguous and have held a second conviction charged in the same indictment as the first triggers the enhancement provision of § 924(c).[1] The analysis employed by the Fourth Circuit in *United States v. Raynor*, 939 F.2d 191 (4th Cir.1991), is illustrative. The *Raynor* court said:

The plain meaning of the statute supports the conclusion that a conviction on a second firearms count, even though charged in the same indictment as the first, gives rise to the enhanced sentence. The statute directs enhancement for a "second or subsequent conviction." The second conviction is the one that follows the first, either in time or in a number sequence, and the subsequent conviction is any that follows the second, either in time or in a number sequence. The enhancement that is mandated by the statute does not depend on satisfying conditions that the second or subsequent conviction be by reason of a different indictment, or that the sentence be imposed on the first conviction before the enhancement can apply to the second, or that the defendant have served the sentence on the first. To construe the statute with such conditions would interject terms not included, and surely not intended, by Congress.

*Id.* at 193. I am persuaded by this reasoning.

Our six sister circuits have likewise delved into the collateral issues including the legislative history, Congressional intent, Sentencing Guidelines, rules of statutory construction and analogous cases, and have come to the opposite conclusion from that enunciated by our majority. I em-

---

**1.** The majority opinion cites to these decisions.

brace the reasoning and analysis as set forth by our sister circuits. I can add nothing to their analysis.

The majority's application of the rule of lenity deserves special comment. A statute is not deemed ambiguous "for purposes of lenity merely because it [is] possible to articulate a construction more narrow than that urged by the Government." *Moskal v. United States,* — U.S. —, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990). Instead, lenity is reserved "for those situations in which a reasonable doubt persists about a statute's intended scope." *Id.* The rule of lenity applies only " 'at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration ·of being lenient to wrongdoers.' " *Chapman v. United States,* — U.S. —, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991) (quoting *Callanan v. United States,* 364 U.S. 587, 596, 81 S.Ct. 321, 326–27, 5 L.Ed.2d 312 (1961), and citing *Moskal*). The majority has, in effect, decided that § 924(c) is draconian and meant to apply only to a recidivist. This reasoning has driven the majority into the corral formed by *Moskal* and *Chapman.*

The fatal flaw in the majority's analysis may best be illustrated by a hypothetical factual scenario. Suppose a defendant commits two separate and distinct § 924(c) violations one year apart. Subsequently, he is apprehended and convicted of the first. Under the majority's holding, once the second crime is solved and defendant is charged and convicted, his sentence may not be enhanced because the commission of the second crime occurred prior to his conviction for the first. Even more extreme would be the defendant who escapes during his trial and commits a second § 924(c) offense prior to the entry of the judgment of conviction. Neither could his sentence for a second conviction be enhanced. But if the majority employed a plain language analysis to § 924(c), sentence enhancement would apply under either scenario.

Assuming, arguendo, the majority is correct in concluding § 924(c) may be read in more than one way, it is still impossible to reach the interpretation they suggest. The only other logical way to read this statute is that it requires the second or subsequent conviction to be charged in an indictment separate from the first. As the Fourth Circuit has aptly pointed out, reading that requirement into § 924(c) does nothing more ·than require prosecutors to go through the additional ministerial task of charging repeat offenders in separate indictments. *See Raynor,* 939 F.2d at 193. The only legitimate interpretation remaining allows a second or subsequent conviction charged in the same indictment as the first to trigger the enhancement provisions of § 924(c).

If you pump enough water into a dry creek it becomes a river. The majority has pumped sufficient conditions into § 924(c) to transform it into a lenient vehicle for wrongdoers to ride.

I would affirm the enhanced sentences given to Mr. Abreu and Mr. Thornbrugh for their second and subsequent convictions.