**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Scott McINTOSH, also known as Steven Paul Stiles, Defendant–Appellant.**

**No. 92–7014.**

United States Court of Appeals, Tenth Circuit.

July 19, 1993.

Gene V. Primomo of Wilcoxen, Wilcoxen & Primomo, Muskogee, OK, for defendant-appellant.

John Raley, U.S. Atty., Sheldon J. Sperling, Asst. U.S. Atty., Muskogee, OK, for plaintiff-appellee.

Before SEYMOUR, ANDERSON, and BALDOCK, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Richard Scott McIntosh appeals his conviction, after a jury trial, on two counts of bank robbery in violation of 18 U.S.C. § 2113(a), one count of possession of a firearm moved interstate after a felony conviction in violation of 18 U.S.C. § 922(g) and § 924(a)(2), two counts of use of a firearm during commission of a crime in violation of 18 U.S.C. § 924(c)(1), and one count of conspiracy in violation of 18 U.S.C. § 371. McIntosh was indicted, tried and convicted along with Walter Thody, whose conviction we affirmed previously. *United States v. Thody*, 978 F.2d 625 (10th Cir.1992). McIntosh was sentenced to 108 months imprisonment for three of the counts, and 60 months imprisonment for another count, all to be served consecutively. Because section 924(c) imposed a mandatory 5–year sentence for a first offense, and a mandatory twenty-year sentence for a "second or subsequent conviction," he was further sentenced to a consecutive 60–month sentence for one of the section 924(c) counts, and to a 240–month sentence for the other section 924(c) violation, also to be served consecutively.

McIntosh contends on appeal that: (1) the district court erred in sentencing him to an enhanced 240–month mandatory consecutive sentence for one of the section 924(c) violations, because it was not a "second or subsequent conviction," inasmuch as both section 924(c) convictions arose out of the same indictment and trial; (2) there was insufficient evidence that the gun found in his possession had been moved in interstate commerce; and (3) his Fifth Amendment right to due process was violated when the court allowed certain witnesses to identify him at trial when those witnesses had previously identified him in a lineup that the parties concede was unconstitutional. We affirm.

## DISCUSSION

The factual and procedural background of this case is fully set out in our opinion in *Thody*, 978 F.2d 625 (10th Cir.1992). Additionally, *Thody* thoroughly discussed the second and third issues argued in this appeal, and our rejection of those arguments in *Thody* disposes of those identical arguments here.

The only remaining issue involves the validity of McIntosh's enhanced 240 month sentence under section 924(c), and issue which we have held in abeyance pending the Supreme Court's ruling on the matter in *Deal v. United States,* —— U.S. ——, 113 S.Ct. 1993,

124 L.Ed.2d 44 (1993).[1] Prior to *Deal*, our circuit had held in *United States v. Abreu*, 962 F.2d 1447 (10th Cir.1992) (en banc), *vacated and remanded*, —— U.S. ——, 113 S.Ct. 2405, 124 L.Ed.2d 630 (1993), that "a defendant may not receive an enhanced sentence under section 924(c) for a second or subsequent conviction unless the offense underlying this conviction took place after a judgment of conviction had been entered on the prior offense." *Id.* at 1453. Thus, under *Abreu*, McIntosh could not receive an enhanced sentence for the second section 924(c) offense. The Supreme Court vacated and remanded *Abreu*, however, for reconsideration in light of *Deal*. *Deal* necessitates the affirmance of McIntosh's sentence.

The petitioner in *Deal* had committed six bank robberies on six different occasions, in each of which he used a gun. He was convicted, in a single proceeding, of six counts of bank robbery and six counts of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to 5 years imprisonment on the first section 924(c) count, and to 20–year consecutive terms on each of the other section 924(c) counts. The Supreme Court "granted certiorari on the question whether petitioner's second through sixth convictions under § 924(c)(1) in this single proceeding arose 'in the case of his second or subsequent conviction' within the meaning of § 924(c)(1)." *Deal*, —— U.S. at ——, 113 S.Ct. at 1996. The Court held that it did, reasoning that the term "conviction" in section 924(c) unambiguously "refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." *Id.* Findings of guilt are necessarily arrived at "successively in time," *id.* at —— n. 1, 113 S.Ct. at 1997 n. 1, even in a single proceeding, the Court held, so that multiple convictions occurring in the same proceeding can indeed be "second or subsequent" for purposes of section 924(c).

Thus, as McIntosh himself concedes in his supplemental brief on the issue, *Deal* effectively forecloses his argument relating to his 240–month sentence under section 924(c). For the foregoing reasons, the conviction and sentence are AFFIRMED.

---

1. We asked both Thody and McIntosh to file supplemental briefs on the applicability of *Deal* to their appeals. Thody did not raise the enhancement issue in either his opening brief or his reply brief, arguing for the first time in supplemental authority and again in his petition for rehearing that the enhancement of his sentence under section 924(c) for a "second or subsequent" conviction was improper.