UNITED STATES of America,
Plaintiff–Appellee,

v.

James David THORNBRUGH,
Defendant–Appellant.

Nos. 89–5166, 89–5173.

United States Court of Appeals,
Tenth Circuit.

Oct. 18, 1993.

Vicki Mandell–King, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, CO, for defendant-appellant, cross-appellee.

Kathryn H. Phillips, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with her on the brief), Tulsa, OK, for plaintiff-appellee, cross-appellant.

Before HOLLOWAY, BRIGHT,* and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

James David Thornbrugh was convicted of three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) (1988), and three related counts of possession of firearms during the commission of a crime of violence under 18 U.S.C. § 924(c)(1) (1988). The district court sentenced Thornbrugh as a career offender on the robbery counts. Based on Thornbrugh's total offense level of 34 and his criminal history level of VI, the court determined the resulting guideline range for the robbery counts to be 262 to 327 months. With respect to the gun charges, the court held section 924(c) to require a mandatory five year sentence on one count and mandatory twenty year consecutive sentences on each of the other two counts, for a total of forty-five years in addition to the sentence to be imposed on the robbery counts. When added to the guideline range of 262 to 327 months for the robbery counts, the additional forty-five years produced a possible range of 802 to 867 months. The district court departed downward from the range applicable to the robbery counts, imposing only three months for the three robberies in addition to the forty-five year sentence on the section 924(c) counts for a total of 543 months imprisonment.

Thornbrugh appealed his convictions and his sentences. The government cross appealed, challenging the court's decision to depart downward. We affirmed Thornbrugh's conviction, *United States v. Thornbrugh*, 962 F.2d 1438 (10th Cir.1992), but held in a separate en banc opinion that his sentence was improperly enhanced under section 924(c) and remanded for resentencing, *United States v. Abreu*, 962 F.2d 1447 (10th Cir.1992) (en banc). In light of our decision that resentencing was necessary, we did not address the government's cross appeal. *See Thornbrugh*, 962 F.2d at 1441, n. 1.

The Supreme Court subsequently construed section 924(c)(1) and rejected the rationale upon which our en banc determination in *Abreu* was based. *See Deal v. United States*, — U.S. —, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). The Court vacated our judgment in *Abreu* and remanded for further consideration in light of *Deal*. *United States v. Abreu*, — U.S. —, 113 S.Ct. 2405, 124 L.Ed.2d 630 (1993). In a published opinion filed recently, the en banc court concluded that *Deal* is dispositive of the section 924(c)(1) issue. *See United States v. Abreu*, 997 F.2d 825 (10th Cir.1993) (en banc). Accordingly, the court withdrew the mandate and affirmed Thornbrugh's enhanced sentences under section 924(c)(1). We must now address the government's challenge to the downward departure on Thornbrugh's robbery sentences.[1]

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Thornbrugh filed a motion for clarification of our en banc order which we construe as a petition for rehearing to the panel and hereby grant. In his motion for clarification, Thornbrugh pointed out that upon remand for resentencing as directed by the en banc opinion in *Abreu*, the district court resentenced him to 262 months on the bank robbery counts, plus consecutive sixty months sentences on each of the section 924(c) convictions. Mr. Thornbrugh appealed that sentence in No. 92–5145, *United States v. Thornbrugh*. In a separate order entered herewith, the court has vacated that second sentence, 7 F.3d 1046 (Table) (10th Cir.1993).

In addition, the motion for clarification brought to our attention the fact that we had never disposed of the government's cross-appeal in the original appeal. We do so here.

The Sentencing Reform Act of 1984, pursuant to which the sentencing guidelines were promulgated, provides:

> The court shall impose a sentence of the kind, and within the range, referred to in [the sentencing guidelines in effect when the defendant is sentenced] unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

18 U.S.C. § 3553(b) (1988). When a sentencing court invokes an invalid ground in deciding to depart, the resulting sentence constitutes an incorrect application of the guidelines which the court of appeals may review under 18 U.S.C. § 3742(f) (1988). *See Williams v. United States,* ── U.S. ──, ──── ────, 112 S.Ct. 1112, 1118–19, 117 L.Ed.2d 341 (1992). "[I]t is an incorrect application of the Guidelines for a district court to depart from the applicable sentencing range based on a factor that the Commission has already fully considered in establishing the guideline range or ... on a factor that the Commission has expressly rejected as an appropriate ground for departure." *Id.* at ──, 112 S.Ct. at 1119. "In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b). We review *de novo* whether the district court relied on an improper factor in deciding to depart. *See United States v. Maldonado–Campos,* 920 F.2d 714, 719–20 (10th Cir.1990).

In this case, the district court explained its decision to depart as follows:

> Concerning departure and what the Court conceives to be the mitigating factor here, the Court does not believe that the Sentencing Commission could adequately have considered the effect of the cumulative sentence of 45 years mandatory under Counts 4, 5 and 6 as said mandatory sentence relates to the minimum guideline range required in Counts 1, 2 and 3. The minimum range therein is 262 months. The defendant is 40 years of age with a life expectancy of approximately 35 years. While the facts herein and the offenses committed under which the defendant has been found guilty are very serious, the Court thinks a downward departure is justified in reference to the minimum guideline range of 262 months under Counts 1, 2 and 3. The effect of 924(c) in the finding of guilt of the defendant concerning Counts 4, 5 and 6 requires the Court to sentence the defendant to 45 years or a mandatory 540 months. The Court thinks departure is justified herein and will depart from the minimum guideline range as I've stated in reference to Counts 1, 2 and 3 by 259 months and hereby imposes a sentence, as I stated, of a total of 543 months.
>
> The Court concludes that when all relevant factors herein are considered such as a reasonable sentence in light of the seriousness of the six counts of which the defendant was found guilty, in light of the defendant's prior history, and including the defendant's life expectancy. Of course, were it not for the mandatory cumulative effect of the 540 months relative to Counts 4, 5 and 6, the Court would not consider and would not be justified in the substantial downward departure of the 259 months relative to Counts 1, 2 and 3.

Transcript of Sentencing Hearing, Sept. 13, 1989, at 15–17. The court apparently departed downward because it believed the Commission had not adequately considered that a cumulative sentence comprising both enhanced punishment under section 924(c)(1) and punishment for the underlying crime could produce a total sentence in excess of a defendant's life expectancy.

We begin our review by pointing out that the guidelines generally reject age as a ground for departure.

> Age (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment

such as home confinement might be equally efficient as and less costly than incarceration.

U.S.S.G. § 5H1.1. We have interpreted this guideline to mean that age, without more, is an insufficient mitigating factor, although when considered with other factors it could be "germane." *See United States v. Bowser,* 941 F.2d 1019, 1024 (10th Cir.1991) (per curiam).

The court also relied on the cumulative effect of the lengthy enhanced sentences under section 924(c)(1) added to the sentences imposed on the underlying crimes. The guidelines and commentary to U.S.S.G. § 2B3.1, applicable to offenses under 18 U.S.C. § 2113, do not mention the effect of a mandatory consecutive enhancement under section 924(c)(1). However, the commentary to U.S.S.G. § 2K2.4,[2] applicable to sentences under section 924(c)(1), cross-references section 2B3.1. The Sentencing Commission obviously considered the fact that a defendant would be subject to punishment under section 924(c) in addition to the sentence imposed for the underlying crime. *See United States v. Foote,* 898 F.2d 659, 666 (8th Cir.), *cert. denied,* 498 U.S. 838, 938, 111 S.Ct. 112, 342, 112 L.Ed.2d 81, 307 (1990).

In sum, the court in departing here relied on one factor which the guidelines expressly state is ordinarily inappropriate and one factor which has already been considered in formulating the guidelines. Although such factors might justify a departure if they are sufficiently unusual either in degree or in kind, *see United States v. White,* 893 F.2d 276, 278 (10th Cir.1990), those circumstances are not present here. Thornbrugh is a forty year old felon who robbed three banks with a gun. He is not the "atypical case" whose "conduct significantly differs from the norm." U.S.S.G. Ch. 1, Pt. A4(b). Moreover, the Supreme Court in *Deal* made plain its conclusion that Congress intended by section 924(c)(1) to effect the enormous cumulative increases in a single sentence when a bank robber uses firearms during a series of bank robberies. Congress itself made plain its

intention in section 924(c)(1) that the mandatory firearms sentence be "in addition to the punishment provided for [the underlying] crime of violence." We must therefore conclude that the sentence imposed here was an incorrect application of the guidelines.

■ In so doing, we observe that the sentence the district court imposed in departing downward from the guidelines, which exceeded the defendant's life expectancy by approximately nine years, would appear sufficient to comply with the purposes of the Sentencing Reform Act. *See* 18 U.S.C. § 3553(a). We also point out that this court has expended scarce judicial resources in considering whether a sentence that will outlive a defendant is impermissibly low. In remanding for resentencing, we recognize that the district court will now have to expend its time and resources in imposing a sentence that will presumably extend even further beyond Mr. Thornbrugh's ability to complete it. Moreover, we are in sympathy with the compelling pragmatic considerations set out in the dissent. Nonetheless, we believe our holding is mandated by the construction of section 924(c) and the articulation of Congressional intent set out in *Deal.* We are not at liberty to substitute our judgment for that of the Supreme Court, Congress, the Sentencing Commission, or the United States Attorney.

Accordingly, we VACATE the sentences imposed by the district court on the section 2113 convictions and we REMAND for further proceedings.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent and would affirm the sentence imposed by the district court.

The sentencing judge imposed a forty-five-year sentence for Thornbrugh's three firearms convictions using the same interpretation of 18 U.S.C. § 924(c) later adopted by the Supreme Court in *Deal v. United States,* — U.S. ——, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). Instead of adding 262–327 months, however, as specified by the sentencing guidelines, the sentencing judge added three

---

**2.** U.S.S.G. § 2K2.4(a) provides: "If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 924(c) or

§ 929(a), the term of imprisonment is that required by statute."

months for the three robbery convictions. Thus, Thornbrugh initially received a prison term of forty-five years and three months.

Following *Deal*, the majority is now constrained to hold that for the forty-year-old Thornbrugh, a sentence of just over forty-five years is not in compliance with existing law. Combining the guidelines' requirement with the § 924(c) firearms enhancement, the district court on remand must impose a minimum total sentence of almost sixty-seven years. With all due respect to the Sentencing Commission's general rule that the underlying crime sentence should be added to the mandatory time for carrying a firearm under § 924(c)(1), I doubt that the Sentencing Commission ever envisioned the kind of unfair and irrational application of combined sentencing which the majority believes is required here.

The majority asserts that the Sentencing Commission "obviously considered the fact that a defendant would be subject to punishment under § 924(c) in addition to the sentence for the underlying crime." Op. at 1474. The applicable Sentencing Commission guidelines and commentary, however, were promulgated prior to the Supreme Court's *Deal* opinion. The Commission therefore had no opportunity to consider the effect of combining the sentencing guidelines with § 924(c) in cases like Thornbrugh's where a defendant is convicted for the *first time* of multiple firearms violations under § 924(c).

In my view, the district court's downward departure lent some practicality to the sentence. By adding only three months to the mandated statutory sentence, the sentencing judge attempted to avoid punishment far in excess of the defendant's projected lifespan of thirty-five more years. The judge recognized that enough is about enough in the forty-five-year mandatory sentence for the gun violations.

The majority decision ignores what is truly obvious—that the portion of a sentence which goes beyond the defendant's lifespan can serve no retributive, deterrent, rehabilitative or any other proper function of a prison sentence. In this case, the judiciary wastes its scarce resources when it spends its judicial time remanding a case to the district court for a sentence computation that has no practical effect—namely, how many *more* years beyond Thornbrugh's probable life expectancy must he be sentenced to serve.

Even the majority recognizes that remanding for an additional sentence amounts to an exercise in futility. Op. at 1474. Nonetheless, the majority believes its options are circumscribed by *Deal* and by the Commission's commentary which cross-references the sentencing guidelines and § 924(c). Op. at 1474. *See* U.S.S.G. §§ 2B3.1, 2K2.4. If the majority is correct, both this case and *Deal* demonstrate that guideline sentencing, as well as mandatory sentencing, has created a sentencing regime that is cruel, unfair, impractical, expensive, and badly in need of reform.

In a recent sentencing publication, summarizing the views of twenty-five judges, fourteen lawyers and probation officers and five academics, the editors conclude:

> The federal guideline experiment is not working well. Substantial change is needed. Congress and the President should act wisely and soon.

Marc Miller & Daniel J. Freed, *Suggestions for the President and the 103rd Congress on the Guideline Sentencing System*, 5 Fed. Sent.R. 187 (Jan./Feb. 1993).

Additionally, in a separate article in that publication, William W. Wilkins, Jr., Chairman of the United States Sentencing Commission and Judge, U.S. Court of Appeals for the Fourth Circuit, states that criminal sentences can become skewed by mandatory minimums:

> The sentences these statutes mandate are philosophically at odds with the notion of guideline sentencing and have the tendency to skew punishment levels by sometimes producing unwarranted uniformity. On the other hand, they often apply on a hit or miss basis, depending on how prosecutorial charging discretion is exercised. The Commission is on record opposing mandatory minimum statutes.

*Id.* at 201.

Finally, I endorse the view expressed in *United States v. Abreu*, 962 F.2d 1447 (10th

Cir.1992) (en banc), *cert. granted and judgment vacated,* —— U.S. ——, 113 S.Ct. 2405, 124 L.Ed.2d 630 (1993), that § 924(c)(1) does not require pyramid-layered sentencing. Notably, before *Deal,* seven judges of this court held that because Thornbrugh was not a recidivist, section 924(c) did not require a forty-five-year firearm sentence. *Abreu,* 962 F.2d at 1452.

The *Deal* Court rejected the common sense approach to the firearms statute advocated by this court in *Abreu* (and by the *Deal* dissenters). The Supreme Court's decision in *Deal* is now the law of the land. But the last word of the Court still does not make that decision right, even though this court must follow that decision. I endorse Justice Stevens' dissenting view which rejects the 105-year sentence imposed in *Deal* upon a defendant who robbed six banks with a gun but had never suffered a prior firearms conviction under 18 U.S.C. § 924(c)(1). Among other things, Justice Stevens observed:

> '[P]unishing first offenders with twenty-five-year sentences does not deter crime as much as it ruins lives. If, after arrest and conviction, a first offender is warned that he will face a mandatory twenty-year sentence if he commits the same crime again, then the offender will know of the penalty. Having already served at least five years in prison, he will have a strong incentive to stay out of trouble. Discouraging recidivism by people who have already been in prison and been released serves a far more valuable purpose than deterring offenders who have yet to be arrested and have no knowledge of the law's penalties.'

*Deal v. United States,* —— U.S. at —— — —— n. 10, 113 S.Ct. at 2003–04 n. 10 (Stevens, J., dissenting) (quoting *United States v. Jones,* 965 F.2d 1507, 1521 (8th Cir.1992), *cert. denied,* —— U.S. ——, ——, ——, 113 S.Ct. 346, 439, 2418, 121 L.Ed.2d 261, 358, 640 (1993)).

I see no point in remanding this case to the district court to add more years to an already excessive and, I suggest, irrational sentence.