968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Blaine MAESTAS, Defendant-Appellant.
 No. 91-2219.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1992.
 
 Before SEYMOUR, SNEED,* and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Anthony B. Maestas appeals from his conviction of manufacturing more than 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 18 U.S.C. § 2. He claims the trial court erred in denying his motion to suppress evidence seized during a pat-down search. Additionally, he contends that application of the United States Sentencing Guidelines' drug equivalency table denies him both due process and equal protection of the law. After reviewing the record, we conclude that the motion to suppress was properly denied and that the Guidelines were constitutionally applied.
 
 I.
 
 2
 On September 8, 1990, BLM agents and New Mexico National Guardsmen set up surveillance of a plot of growing marijuana they had discovered the previous day. In the late afternoon, Mr. Maestas and Orlando Martinez parked on the road near the site, crossed a downed fence, entered the woods, and walked directly into the marijuana field. Mr. Maestas selectively removed 8 to 10 plants and passed them to Mr. Martinez.
 
 
 3
 The four surveillance team members, headed by Ranger Apodoca, surrounded the two men and ordered them to lie face down on the ground. During a pat-down search of Mr. Maestas, Ranger Apodoca felt a long, narrow bulge in Mr. Maestas' front pocket. After touching the pocket, Ranger Apodoca asked Mr. Maestas, "What is that?" Mr. Maestas replied, "It's just my stash." Ranger Apodoca then said, "Let me see it." Mr. Maestas reached into his pocket and pulled out a clear plastic bag containing a small amount of marijuana.
 
 
 4
 Mr. Maestas eventually was charged with growing the 883 plants found at the site. He moved to suppress both the bag of marijuana found in his pocket as well as the statement, "It's just my stash." At the end of the suppression hearing, the trial court found that the routine pat-down was a lawful protective action based on Ranger Apodoca's reasonable and legitimate belief marijuana cultivators may be armed. The trial court also found that the inquiry by Ranger Apodoca was for the purpose of determining the presence of a weapon and not for the purpose of eliciting an incriminating response.
 
 
 5
 On appeal, Mr. Maestas asserts the trial court erred in believing Ranger Apodoca could mistake a bag of marijuana for a gun or knife. Despite defendant's arguments to the contrary, this case is controlled by United States v. Padilla, 819 F.2d 952 (10th Cir.1987). Here, Ranger Apodoca was faced with the immediate necessity of determining whether the bulge in defendant's pocket was a weapon. Viewed in the context in which it was asked, Ranger Apodoca's inquiry, "What is that?," was clearly designed to elicit information concerning weapons. This analysis is not changed by Ranger Apodoca's subsequent directive, "Let me see it." Whether the defendant removed the bag from his pocket or the ranger did so directly, its discovery was the permissible result of the pat-down.
 
 
 6
 Once the ranger ascertained the nature of the bulge, he discontinued the questioning. Under these circumstances, Ranger Apodoca's actions fall within the "public safety" exception to the Fourth and Fifth Amendments articulated in New York v. Quarles, 467 U.S. 649 (1984). Therefore, defendant's motion to suppress was properly denied.
 
 II.
 
 7
 In United States v. Lee, 957 F.2d 778, 784 (10th Cir.1992), we held that the Guidelines' drug equivalency table did not violate the equal protection clause because Congress rationally decided that the penalty for a crime involving 1 marijuana plant should be equal to the penalty for an offense involving 100 kilograms of marijuana. Mr. Maestas contends our decision in Lee leaves open the question whether the drug equivalency table violates the due process clause.
 
 
 8
 We will not set aside a nondiscriminatory statutory classification on substantive due process grounds if it bears a reasonable relationship to a proper legislative purpose. United States v. Holmes, 838 F.2d 1175, 1177 (11th Cir.), cert. denied, 486 U.S. 1058 (1988). Because Lee found a rational basis for the classification contained in the drug equivalency table, Lee is dispositive of this issue as well. Accord United States v. Osburn, 955 F.2d 1500 (11th Cir.1992); United States v. Motz, 936 F.2d 1021 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Joseph T. Sneed, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3