30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Blain MAESTAS, Defendant-Appellant.
 No. 94-2017.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Maestas appeals from the district court's denial of his motion for a new trial based upon newly discovered evidence, Fed.R.Crim.P. 33. In 1991, he was convicted of manufacturing more than 100 marijuana plants, 21 U.S.C. 841(a)(1) and 841(b)(1)(B)(viii), 18 U.S.C. 2. His conviction was affirmed on direct appeal. United States v. Maestas, 968 F.2d 21, 1992 WL 113745 (10th Cir.1992). In 1993, the district court denied the new trial motion after an evidentiary hearing, holding that the new evidence would probably not produce an acquittal. I R. doc. 68 at 7. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 We review the district court's decision on a motion for a new trial based on newly discovered evidence for an abuse of discretion. United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir.1994). Such motions are regarded with caution. Id. To warrant a new trial, the newly discovered evidence must be (1) more than impeaching or cumulative, (2) material to the main issues in the case, (3) previously undiscoverable in the exercise of reasonable diligence, and (4) of a character that would probably produce an acquittal. United States v. Page, 828 F.2d 1476, 1478 (10th Cir.), cert. denied, 484 U.S. 989 (1987).
 
 
 3
 The newly discovered evidence in this case consists of post-trial admissions of responsibility of Mr. Maestas's brother-in-law, Randy Medina, concerning the marijuana field in which Mr. Maestas was apprehended. Mr. Medina committed suicide shortly after learning of Mr. Maestas's ninety-seven month sentence.
 
 
 4
 We have carefully reviewed the entire record, including the trial transcript. While the new evidence inculpates Mr. Medina in the manufacturing operation, it does not exculpate Mr. Maestas. Accordingly, we find that the district court did not abuse its discretion in denying the motion for new trial on the grounds that the newly discovered evidence was unlikely to override the strong evidence of Mr. Maestas's guilt and produce an acquittal. See I R. doc. 68 at 7-10. See also United States v. Agurs, 427 U.S. 97, 111 (1976) (noting "severe burden" associated with requirement under Rule 33 that newly discovered evidence probably would result in acquittal); United States v. Thornbrugh, 962 F.2d 1438, 1443-44, reh'g on other grounds, 962 F.2d 1447 (10th Cir.1992), vacated on other grounds, 113 S.Ct. 2405 (1993). Accordingly, the district court's order is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument