United States Court of Appeals,

Eleventh Circuit.

No. 96-2626

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee.

v.

Yvette BELL, Defendant-Appellant.

March 23, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 1:95-CR-01014-002), Maurice M. Paul, Judge.

Before COX and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

This case requires us to decide if *Pinkerton* co-conspirator liability continues to apply to section 924(c) cases after the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We conclude that it does and therefore affirm the district court's refusal to permit Bell to withdraw her guilty plea.

18 U.S.C. § 924(c) punishes individuals who use or carry a firearm in connection with drug trafficking or a crime of violence. In *Pinkerton v. United States,* 328 U.S. 640, 647-48, 66 S.Ct. 1180, 1184-85, 90 L.Ed. 1489 (1946), the Supreme Court held that criminal defendants are liable for the reasonably foreseeable actions of their co-conspirators. *Pinkerton* liability is well established in this Circuit, *see, e.g. United States v. Broadwell,* 870 F.2d 594, 603-04 (11th Cir.1989), and although we have apparently never directly confronted the issue, the general rule among the circuits has been that the *Pinkerton* doctrine is applicable in section 924(c) cases, *see, e.g. United States v. McManus,* 23 F.3d 878, 883 (4th Cir.1994), *United States v. Castaneda,* 9 F.3d 761, 765 (9th

Cir.1993), *cert. denied,* 511 U.S. 1041, 114 S.Ct. 1564, 128 L.Ed.2d 210 (1994); *United States v. Davis,* 1 F.3d 1014, 1017 (10th Cir.1993).

The district court correctly held that the Supreme Court's opinion in *Bailey* did not preclude the application of *Pinkerton* liability in Bell's case. In *Bailey,* the Court held that a conviction for "using" a firearm required proof of active employment of a weapon, and that proof of mere possession was insufficient. *See Bailey,* 516 U.S. at 142, 116 S.Ct. at 506. *Bailey* interpreted the meaning of the word "use." Every appellate court opinion we have found on this issue has squarely held that Pinkerton liability continues to apply to section 924(c) offenses subsequent to *Bailey. See e.g. Woodruff v. United States,* 131 F.3d 1238, 1243 (7th Cir.1997); *United States v. Fonseca-Caro,* 114 F.3d 906, 907 (9th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 895, --- L.Ed.2d ---- (1998); *United States v. Wilson,* 105 F.3d 219, 221 (5th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 133, --- L.Ed.2d ---- (1997); *United States v. Myers,* 102 F.3d 227, 237-38 (6th Cir.1996), --- U.S. ----, 117 S.Ct. 1720, 137 L.Ed.2d 843 (1997); *United States v. Rodger,* 100 F.3d 90, 91 (8th Cir.1996), *cert. denied,* --- U.S. ----, 118 S.Ct. 145, --- L.Ed.2d ---- (1997); *United States v. Pimentel,* 83 F.3d 55, 58 (2d Cir.1996).

We agree with the reasoning of our sister circuits and now expressly hold that the Supreme Court's decision in *Bailey* did not eliminate *Pinkerton* liability.

The sole issue on this appeal is whether the district court should have allowed plaintiff to withdraw her pre-*Bailey* guilty plea because without *Pinkerton,* the government's proffer was insufficient to constitute a crime. Since the government's proffer was sufficient factually to provide the basis for *Pinkerton* liability, the court properly denied the motion to withdraw.

AFFIRMED.