**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD SCOTT MCINTOSH,

Defendant-Appellant.

No. 98-7048
(D.C. No. 97-CV-142-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Richard Scott McIntosh appeals from an order of the district court denying relief on his motion filed pursuant to 28 U.S.C. § 2255. The court thereafter denied Mr. McIntosh a certificate of appealability. We determine that Mr. McIntosh has not shown the denial of a constitutional right, deny his motion for a certificate of appealability, and dismiss this appeal.

Mr. McIntosh was convicted by a jury of two counts of bank robbery, one count of possession of a firearm moved interstate after a felony conviction, two counts of use of firearm during commission of crime, and one count of conspiracy. His convictions were affirmed on appeal. See United States v. McIntosh . 999 F.2d 487 (10th Cir. 1993).

In his motion to the district court, Mr. McIntosh raised ten issues. To summarize, he contended that insufficient evidence supported his convictions. He also alleged that the jury instructions were prejudicial as were the prosecutor's comments during closing arguments, the jury instruction regarding stipulations entered in by the parties amounted to a directed verdict, the 18 U.S.C. § 924(c) use of a firearm charges were illegal and the jury instructions on

those charges were inadequate,[1] and he received ineffective assistance of counsel. The district court denied relief on all issues.

On appeal, Mr. McIntosh raises only four allegations of error. He argues (1) he received ineffective assistance of counsel at trial and on appeal, (2) the prosecutor violated his rights during closing arguments by telling the jury not to consider the evidence and the charges during its deliberations, (3) the § 924(c) charges were illegal, and (4) the jury instructions on the § 924(c) charges were vague. Mr. McIntosh's remaining issues are waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Mr. McIntosh contends counsel was ineffective at trial because he acted as a courtroom spectator, permitted the court to tell the jury that other courts would correct any mistakes they made, and accepted the government's version of the facts. To succeed on an ineffective assistance of counsel claim, Mr. McIntosh must not only establish counsel's performance was deficient but also that "the deficient performance prejudiced the defense," thus depriving him of "a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).

---

[1]     In the district court, the government conceded that the § 924(c) instruction was inadequate. See R., Vol. 1, tab. 7 at 10-11. The district court disagreed. As with the district court, we are not bound by the government's concession. See Koch v. United States Dep't of Interior, 47 F.3d 1015, 1018 (10th Cir. 1995) (court is not bound by parties' stipulations as to issues of law).

Our review of the record fails to support Mr. McIntosh's contentions. Trial counsel was not constitutionally ineffective.

"When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Mr. McIntosh contends that counsel raised insignificant issues on appeal while failing to raise his sufficiency of the evidence issues. The fact that the issues raised by counsel are determined to be without merit by the appellate panel does not mean that the issues are insignificant. Further, the evidence was more than sufficient to support the convictions. We see no evidence that appellate counsel was ineffective.

Mr. McIntosh's issues concerning the prosecutor's comments during closing arguments and the jury instructions were not raised in his direct appeal. Before we can consider them, Mr. McIntosh must show cause and prejudice for failing to raise them on direct appeal. See id. Mr. McIntosh has made no such showing, and we do not agree that any error occurred.

Apparently in response to the Supreme Court's ruling in Bailey v. United States, 516 U.S. 137 (1995), Mr. McIntosh asserts the § 924(c) charges were illegal and the jury instructions on those charges were vague. He contends the

jury was instructed as to "use and carry," not "use or carry." This argument is without merit.

The testimony at trial showed during the first robbery Mr. McIntosh's co-defendant Walter Thody "opened up his jacket and [the witness saw] the butt of a gun inside his pants." Mr. Thody also said: "[D]on't pull the alarm or . . . I will shoot you." R. Vol. III at 88. In *Bailey*, the Court held that a firearm can be "used" when the defendant has "a gun on display during a transaction." See id. at 146.

Although Mr. McIntosh did not display a firearm, the fact that his co-defendant did, is sufficient to support Mr. McIntosh's § 924(c) conviction. Mr. McIntosh was convicted of conspiring with Mr. Thody in the two robbery schemes. So long as the conspiracy in crime continues, each conspirator acts for the other in carrying it forward. "[A]n overt act of one partner may be the act of all without any new agreement specifically directed to that act." Pinkerton v. United States, 328 U.S. 640, 646-47 (1946) (quotation omitted). [2] Thus, Mr. McIntosh was properly convicted of the § 924(c) offense in the first robbery.

---

[2] All courts which have considered the issue have held that *Pinkerton* liability continues to apply to § 924(c) offenses committed subsequent to *Bailey*. See, e.g., United States v. Bell, 137 F.3d 1274, 1275 (11th Cir. 1998) (and cases cited therein). We agree with the reasoning of these courts.

Testimony at trial showed that Mr. McIntosh actually brandished the gun during his escape attempt after the second robbery. See United States v. Thody, 978 F.2d 625, 630 (10th Cir. 1992) (noting that both Mr. McIntosh and Mr. Thody used a gun to commandeer a car while attempting to flee pursuing police officers and affirming co-defendant's conviction on § 924(c) count). Mr. McIntosh contends no evidence exists that he used the gun during the robbery itself and, therefore, he could not be convicted of use of a firearm during the robbery. Escape from the scene was an integral part of Mr. McIntosh's effort to successfully complete the crime of robbery. Use of a gun during this attempted escape is properly attributable to the charged crime of robbery.

Mr. McIntosh also contends he could not be convicted of both bank robbery and § 924(c). He is wrong. Cf. United States v. Coleman, 9 F.3d 1480, 1482 (10th Cir. 1993) (affirming conviction for both armed bank robbery and use of a firearm during a crime of violence, in violation of § 924(c)(1)).

Finding that Mr. McIntosh has not "made a substantial showing of the denial of a constitutional right" to meet the requirements of 28 U.S.C. § 2253(c)(2), we deny a    certificate of appealability and DISMISS this appeal.

Entered for the Court


John C. Porfilio
Circuit Judge