[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14012
Non-Argument Calendar

_____

D.C. Docket No. 04-20147-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TANISHA CRISSY TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
**(June 17, 2005)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Tanisha Crissy Taylor appeals her sentence of 60 months imprisonment,

imposed following her guilty plea for conspiracy to import 500 grams or more of

cocaine, in violation of 21 U.S.C. § 963. On appeal, she challenges the court's determination of the amount of drugs for which she should be held responsible.[1]

Taylor pleaded guilty to one count of conspiracy to import cocaine.[2] At the change of plea hearing, the government made the following factual proffer: Taylor and her sister-in-law Arlene Melara were traveling together as passengers on a cruise ship. Upon arrival in Miami, both were selected for secondary customs inspections. Customs officials discovered an object visible at Melara's crotch, which contained a white powdery substance that tested positive for cocaine. A patdown search of Taylor revealed the tip of a hard object concealed in her crotch, which contained a white powdery substance that tested positive for cocaine. The total amount of drugs was 942.6 grams. After arrest, Taylor and Melara admitted that they had been traveling with Taylor's husband (Melara's brother) to Jamaica,

---

[1] Notably, Taylor did not raise in the district court, in her initial brief, nor in a motion to file a supplemental brief a constitutional challenge to the calculation of her sentence under the Federal Sentencing Guidelines. As such, any possible claim based on the U.S. Supreme Court's recent decisions in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, ___ L.Ed.2d ___(2005), and Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), arguably has been abandoned. See United States v. Stinson, 97 F.3d 466, 470 n.2 (11th Cir. 1996) (declining to reach an issue that the defendant abandoned by not raising it in his initial brief); United States v. Curtis, 380 F.3d 1308, 1310-11 (11th Cir. 2004) (denying leave to file a supplemental brief based on Blakely where issue is raised for first time in such brief); United States v. Padilla-Reyes, 247 F.3d 1158, 1164 (11th Cir. 2001) (holding, in the context of Apprendi v. New Jersey, 530 U.S. 466 (2000), that a defendant "cannot properly raise new issues at supplemental briefing, even if the issues arise based on intervening decisions or new developments cited in supplemental authority").

[2] The plea agreement did not contain an appeal waiver provision.

where they were approached in a bar by a man who offered them $5,000 to transport cocaine into the United States. The two agreed to carry the drugs, and they arranged for delivery by telling the man what they would be wearing when they disembarked in Miami. Taylor agreed that the factual proffer was correct and she entered a guilty plea, which the court accepted.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7) because the offense involved between 500 grams and 2 kilograms of cocaine. The offense required a statutory mandatory minimum sentence of 60 months imprisonment.

Taylor objected to the PSI, asserting, inter alia, that she was not responsible for more than 500 grams of cocaine. Taylor argued that she acted independently of Melara, that they did not pool their resources and they did not agree to split the profits.

At sentencing, the court overruled Taylor's objection to the base offense level because Taylor had pleaded guilty to conspiracy to import 500 grams or more, she knew she faced a mandatory minimum sentence based on the amount of drugs, and she agreed with the government's proffer that she conspired to import 500 grams or more. The court adopted the PSI's factual statements and calculated the guidelines range of 37 to 46 months imprisonment, but noted that Taylor faced

a mandatory minimum sentence. The court then stated, "[b]ased upon the quantity, even if at some point in time it is determined that the overall scheme of the guidelines is unconstitutional, a position frankly which I do not concur despite certain reports, this would offer no relief to Ms. Taylor because of the mandatory minimums." The court further indicated that the mandatory minimum sentence was appropriate.

Whether the district court misapplied U.S.S.G. § 1B1.3 is a purely legal question that we review de novo. United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004). Whether a co-conspirators actions were reasonably foreseeable is a question of fact reviewed for clear error. United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000).

Criminal defendants may be held liable for the reasonably foreseeable actions of their co-conspirators. United States v. Pringle, 350 F.3d 1172, 1175-76 (11th Cir. 2003); United States v. Diaz, 248 F.3d 1065, 1099 (11th Cir. 2001) (citing United States v. Bell, 137 F.3d 1274, 1275 (11th Cir.1998). With respect to sentencing, U.S.S.G. § 1B1.3(a)(1)(B) requires that "in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all *reasonably foreseeable* acts and omissions of others in furtherance

4

of the jointly undertaken criminal activity" should be taken into account in calculating the defendant's appropriate sentence. Pringle, 350 F.3d at 1176 (citing United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir.1999) (emphasis added)). To determine relevant conduct under § 1B1.3, the court engages in a two-step analysis: first, the court must determine the scope of the criminal activity. Second, the court must address whether the conduct was reasonably foreseeable. United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003).

Here, the district court properly determined that Taylor was responsible for the entire amount of drugs. First, the court confirmed that Taylor and Melara engaged in a conspiracy to import more than 500 grams of cocaine. Thus, the district court properly determined the scope of the criminal activity. U.S.S.G. § 1B1.3, comment. (n.2); Cf., Hunter, 323 F.3d at 1320 (remanding for resentencing when the district court did not make specific findings of the scope of the conspiracy). Additionally, Taylor pleaded guilty to conspiracy to import 500 grams or more, and the district court properly accepted the facts as admitted by Taylor. See United States v. Saunders, 318 F.3d 1257, 1271 (11th Cir. 2003).

Second, Taylor is responsible for the amount carried by codefendant Melara because the drugs were reasonably foreseeable as part of a jointly undertaken criminal activity. The two were traveling together, were hired by the same man at

the same time, received their drugs together and coordinated the importation by deciding what clothes to wear when they arrived in Miami. Additionally, they coordinated how to go through customs to reduce the chances of being caught. See U.S.S.G. § 1B1.3 comment. (n.2(c)(8)) (addressing relevant conduct where defendants received drug shipments from same supplier at the same time and coordinated efforts to cross the border).

Therefore, given these facts, the district court properly determined that Taylor was responsible for more than 500 grams of cocaine.

Accordingly, we **AFFIRM.**