7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James David THORNBRUGH, Defendant-Appellant.
 No. 92-5145.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1993.
 
 Before MCKAY, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL
 
 1
 The defendant-appellant, James David Thornbrugh, was convicted of three counts of armed bank robbery in violation of 18 U.S.C. 2113(a) and three counts of carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. 924(c). At a resentencing hearing on remand from the Tenth Circuit, the district court imposed an enhanced sentence under the career offender guideline, U.S.S.G. 4B1.1, on Thornbrugh for his bank robbery convictions. However, because we have, in a separate opinion this same day, vacated Thornbrugh's original sentence and remanded for further sentencing proceedings, we now also vacate the second sentence, which is challenged before this panel, and we similarly remand this matter to the district court for further consideration.
 
 
 2
 By a fluke of procedural history, Thornbrugh was sentenced twice for the same set of three 924(c) and three bank robbery convictions. In United States v. Abreu, 962 F.2d 1447, 1453-54 (10th Cir.1992) (en banc), vacated, 113 S.Ct. 2405 (1993), we reversed Thornbrugh's original sentence on the 924(c) convictions under Docket Nos. 89-5166 and 89-5173. On remand, the district court resentenced him on both the 924(c) and bank robbery convictions. He appealed again, this time challenging the second sentence before this panel under Docket No. 92-5145.
 
 
 3
 In the meantime, however, the government took to the Supreme Court, and the Supreme Court vacated, our judgment reversing the original sentence in 89-5166 and 89-5173. United States v. Abreu, 113 S.Ct. 2405 (1993). On remand from the Supreme Court in 89-5166 and 89-5173, we affirmed en banc the district court's original sentences on the 924(c) counts. See United States v. Abreu, 997 F.2d 825 (10th Cir.1993). However, that en banc opinion did not address the government's challenge to the original sentence wherein the district court departed downward on the substantive offense. We have, by a separate opinion issued this day, addressed the government's challenge to the original sentence. In that opinion, we vacated the district court's original sentences on the bank robbery counts, and we remanded for further sentencing proceedings.
 
 
 4
 Thornbrugh challenges the validity of his second sentence in the instant appeal, 92-5145. However, we hold that the proper disposition of this appeal is to vacate Thornbrugh's second sentence in light of the opinion issued today by a different panel of our court vacating Thornbrugh's first sentence and remanding for further sentencing proceedings. Given our decision to VACATE the second sentence, Thornbrugh's challenge to the validity of the sentence becomes moot. We simply REMAND this matter to the district court so that it will have full jurisdiction to resentence Thornbrugh consistent with our opinions in this case.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3