FILED
United States Court of Appeals
Tenth Circuit

May 26, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

JAMES DAVID THORNBRUGH,

  Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

  Respondent-Appellee.

No. 10-5164

(D.C. No. CV-89-00067-CVE)
(N.D. of Okla.)

---

**ORDER**

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[*]

---

James Thornbrugh, a federal prisoner proceeding pro se,[1] appeals the

district court's denial of his petition for writs of coram nobis and audita querela.

Having already filed successive habeas petitions challenging his sentence,

Thornbrugh now seeks to challenge the validity of his sentence by seeking

jurisdiction under the All Writs Act, 28 U.S.C. § 1651.

---

[*]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1]  Because Thornbrugh proceeds pro se, we construe his pleadings liberally.
*See Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

We construe Thornbrugh's notice of appeal and appellate briefs as an implied application for leave to file a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255, and we DENY authorization.

## I. Background

In 1989, Thornbrugh was convicted of three counts of armed bank robbery, under 18 U.S.C. §§ 2113(a) and (b), and three counts of using and carrying a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c). The district court sentenced him to 543 months' imprisonment, and he has been serving time ever since.

Over the next two decades, Thornbrugh launched a series of challenges to his sentence. On direct appeal, we initially affirmed the district court's rulings, but we then reversed sitting en banc. *United States v. Thornbrugh*, 962 F.2d 1438 (10th Cir. 1992); *United States v. Abreu*, 962 F.2d 1447 (10th Cir. 1992) (en banc). We held that enhanced sentences for second or subsequent convictions under § 924(c) are only appropriate where the second offense is committed after a judgment of conviction on the prior § 924(c) offense. *Abreu*, 962 F.2d at 1449–55. On remand, the district court resentenced Thornbrugh to 442 months' imprisonment. Soon thereafter, however, the Supreme Court considered the same issue and reached the opposite conclusion. The Court held that § 924(c) does not require that a defendant's previous sentence become final before he can be subject

to an enhanced sentence for subsequent convictions. *Deal v. United States*, 508 U.S. 129 (1993).

The Supreme Court subsequently vacated our en banc decision and remanded in light of *Deal*. *United States v. Abreu*, 508 U.S. 935 (1993). On remand, we again sat en banc and affirmed the reasoning behind Thornbrugh's original, enhanced sentence; and in a separate opinion, we vacated Thornbrugh's 442-month sentence, ruled that the district court's initial downward departure was predicated on an incorrect application of the United States Sentencing Guidelines (USSG), and remanded for resentencing. *United States v. Abreu*, 997 F.2d 825 (10th Cir. 1993) (en banc)*; United States v. Thornbrugh*, 7 F.3d 1471 (10th Cir. 1993); *United States v. Thornbrugh*, No. 92-5145, 1993 WL 413668 (10th Cir. Oct. 18, 1993).

On remand, consistent with our instructions, the district court sentenced Thornbrugh to 610 months' imprisonment. Thornbrugh appealed this sentence, and we affirmed. *United States v. Thornbrugh*, No. 94-5118, 1995 WL 216924 (10th Cir. Apr. 12, 1995). Thornbrugh then sought collateral relief via a § 2255 motion, but the district court denied him relief and we denied him a certificate of appealability. *United States v. Thornbrugh*, No. 98-5146, 1999 WL 716885 (10th Cir. Sept. 15, 1999). Thereafter, we twice denied Thornbrugh permission to file a second or successive § 2255 motion.

In October 2010, Thornbrugh again sought collateral relief in the district court—this time via a motion seeking writs of coram nobis and audita querela, under the All Writs Act, 28 U.S.C. § 1651. In his motion, Thornbrugh argued the original sentencing judge lacked authority to enhance his sentence under § 924(c), and he also sought relief under *United States v. Booker*, 543 U.S. 220 (2005). The district court appropriately found Thornbrugh's motion was a habeas petition in disguise, and that he simply restated claims that were previously considered and rejected on direct and collateral review.

Accordingly, the district court denied Thornbrugh's motion, and he now appeals. We have jurisdiction under 28 U.S.C. § 1291, because Thornbrugh appeals from a final judgment.

## II.  Discussion

Thornbrugh's motion seeking writs of coram nobis and audita querela lacks merit, and he is not entitled to relief under the All Writs Act. Moreover, even if we construe Thornbrugh's appellate materials as an implied application for permission to file a successive § 2255 motion, he has not presented any new facts or rules of constitutional law, as required by § 2255(h).

Common law writs, such as the writs of coram nobis and audita querela, are extraordinary remedies that are appropriate only in compelling circumstances. Such compelling circumstances are not present here. Because Thornbrugh is currently incarcerated, he may not rely on the writs of coram nobis and audita

-4-

querela to challenge his sentence. As we have repeatedly held, a "prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). "Similarly, a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Id.* Accordingly, Thornbrugh cannot attack the validity of his sentence under the writs of coram nobis and audita querela when other remedies are available to him. His exclusive remedy to challenge the validity of his sentence is provided under § 2255, unless he can show that remedy would be inadequate or ineffective. *See* § 2255(e).

The remedy provided by § 2255 is neither inadequate nor ineffective to test Thornbrugh's sentence. The fact that he must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy, itself, inadequate or ineffective. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions."); *see also Gilbert v. United States*, — F.3d —, No. 09-12513, 2011 WL 1885674, at *3 (11th Cir. May 19, 2011). Accordingly, Thornbrugh must raise his claims under § 2255 and not through a petition for writs of coram nobis and audita querela.

To bring a successive § 2255 petition, Thornbrugh must first seek authorization from this court—something he has already attempted twice, both

times unsuccessfully. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Thornbrugh cannot simply invoke an ancient writ, claim it is an independent basis for jurisdiction and not a § 2255 motion, and escape the statutory requirements established under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Torres*, 282 F.3d at 1246 ("[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." (quotations and citations omitted)). Recognizing these legal requirements, the district court construed Thornbrugh's motion as a successive § 2255 motion and properly held that it "lack[ed] jurisdiction to consider [Thornbrugh's] motion, because [a] defendant must request permission from the Tenth Circuit to file a second or successive § 2255." *United States v. Thornbrugh*, No. 89-CR-0067, at *4 (N.D. Okla. Nov. 4, 2010). Because Thornbrugh acknowledged he did not meet the requirements for a second or successive § 2255 motion, the district court appropriately declined to transfer the motion to us for authorization.

On appeal, we construe Thornbrugh's notice of appeal and appellate briefs as a request for authorization to file a successive § 2255 petition and now consider his request. *See Torres*, 282 F.3d at 1246. After a careful review of the record, we conclude Thornbrugh has failed to make the prima facie showing required by § 2255(h) to bring a successive § 2255 petition. His arguments are not based on either (1) "newly discovered evidence that, if proven and viewed in

-6-

light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

Thornbrugh does not identify new evidence that would demonstrate his innocence or the inappropriateness of his sentence; nor does he point to any new rule of constitutional law that would affect his sentence or conviction. In his briefs, Thornbrugh simply disputes our interpretation of § 924(c); contends his sentence violated the Equal Protection and Due Process Clauses; and argues his sentence constituted cruel and unusual punishment. These claims lack merit, and they are unsupported by any new Supreme Court law.

Thus, Thornbrugh does not meet the criteria to file a second or successive habeas petition.

### III. Conclusion

For the reasons stated above, the implied application for authorization to file a successive § 2255 petition is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge