**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

SILVIU LUCRETIU NEDELCU,

> Defendant - Appellant.

-----------------------------------------

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

OLIMPIU CONSTANTINE
NEDELCU,

> Defendant - Appellant.

No. 12-4188

(D. Utah)

(D.C. No. 2:05-CR-00330-TS-2)

No. 12-4189

(D. Utah)

(D.C. No. 2:05-CR-00330-TS-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit
Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

While these cases involve different defendants, and are appealed separately, we address them together because of the interconnected conduct and issues involving the two defendants, who are twin brothers. These brothers, Silviu Lucretiu Nedelcu ("Silviu") and Olimpiu Constantine Nedelcu ("Olimpiu"), both pled guilty, in late 2005 and early 2006, to entering a secure area of an airport by fraudulent means, and aiding and abetting,[1] in violation of 18 U.S.C. § 1036(a), and 18 U.S.C. § 2. They were each sentenced to time served and a term of supervised release. Proceeding *pro se* some five years later, they now appeal the denial of various motions they recently filed in the district court. In these motions, they sought a writ of audita querela (for Olimpiu) and a writ of coram nobis (for Silviu), seeking to reverse the district court's judgment imposing their sentences and asking the court to vacate their convictions. On appeal, they seek essentially that same relief, or they ask us to remand to the district court for that court to grant the relief sought. For the following reasons, we affirm.

---

[1]One of Silviu's arguments on appeal involves whether he did, in fact, plead guilty to aiding and abetting. We accordingly discuss that dispute, *infra*.

## BACKGROUND

In April 2005, Silviu applied for and received a job working at the Salt Lake City International Airport, where he was given the identification necessary to enter secure areas. Silviu then gave his airport identification to his brother, Olimpiu, who began working at the airport under Silviu's name. They both admitted to those basic facts and pled guilty.

Olimpiu was sentenced on November 17, 2005, to time served, followed by twenty-four months of supervised release. Silviu was sentenced on February 7, 2006, to time served and twelve months of supervised release. Judgment was entered on February 9, 2006. Neither brother sought direct appeal or post-conviction relief, and both men have completed their terms of supervised release.

On February 7, 2011, both Silviu and Olimpiu filed motions seeking to seal their cases. They expressed remorse and explained that having a felony conviction record caused them difficulties in, among other things, obtaining work. The district court denied their motions and our court affirmed that denial. United States v. Nedelcu, 441 Fed. Appx. 614, 2011 WL 5865899 (10th Cir. Nov. 23, 2011) (unpublished).

On October 17, 2011, Silviu filed a motion to vacate his sentence.[2] Olimpiu filed a motion for a writ of audita querela, seeking also to have his sentence vacated. The district court denied both motions, finding that the brothers had failed to establish the "'compelling circumstance' required for the issuance of a common law writ." Mem. Decision & Order at 4, Silviu R. Vol. 1 at 352. The court noted that Silviu also argued that he should not have been convicted because he had properly obtained identification permitting him to enter the secure areas of the airport, inasmuch as he worked at the airport. The court rejected this argument, finding that Silviu had also pled guilty to aiding and abetting his brother in entering a secure area by fraudulent means, and the evidence certainly supported that conviction. The Nedelcus timely appealed.

---

[2]Apparently, Silviu initially filed a motion for a writ of audita querela, like Olimpiu did. He later moved to vacate his conviction and asked the district court to disregard his motion for a writ of audita querela. The court still treated the motion as one for a writ of audita querela and/or a motion to vacate his conviction. On appeal, Silviu seeks a writ of coram nobis.

In its appellate brief, the government construes Silviu's motion to vacate his conviction as a request for a writ of coram nobis. "Otherwise, the motion would be time barred as it was filed more than five years after the judgment became final, and Silviu has not invoked any exception to the one-year time limit for statutory post-conviction relief." Appellee's Resp. Br. at 1 n.1.

**DISCUSSION**

Olimpiu appeals the denial of his request for a writ of audita querela, and

Sylviu appeals the denial of his request for a writ of coram nobis. In both

published and unpublished opinions, we have described these two writs as

follows:

> Writs of audita querela and coram nobis are similar, but not identical. Usually, a writ of coram nobis is used to attack a judgment that was infirm [at the time it was issued], for reasons that later came to light. By contrast, a writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition. Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both writs. However, the Supreme Court held in United States v. Morgan, 346 U.S. 502 (1954) that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act.

United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (citations and

quotation marks omitted).[3] We have similarly assumed, for the purposes of the

single case before us, that the writ of audita querela is also still available. Id.

We have stated, with respect to writs of coram nobis and audita querela,

that "[c]ommon law writs such as these are extraordinary remedies that are

appropriate only in compelling circumstances." United States v. Thody, 460 Fed.

Appx. 776, 778 (10th Cir. 2012) (unpublished) (citing United States v. Denedo,

556 U.S. 904 (2009)); see also Thornbrugh v. United States, 424 Fed. Appx. 756,

---

[3]We note that our unpublished opinions are not considered to be binding precedent. We cite certain unpublished decisions here, however, because we agree with the reasoning of the panels in those cases.

-5-

759 (10th Cir. 2011) (same); United States v. Haga, 931 F.2d 642, 645 (10th Cir. 1991) (observing that the "writ of coram nobis is available only to correct errors that result in a complete miscarriage of justice"); Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989) (same); cf. Thomas v. U.S. Disciplinary Barracks, 625 F.3d 667, 670 n.3 (10th Cir. 2010) (noting that "[b]ecause of their extraordinary nature, writs are issued sparingly."). We review the district court's decision to grant or deny a writ for abuse of discretion. Haga, 931 F.2d at 645; Thody, 460 Fed. Appx. at 779. We discuss Silviu's appeal, No. 12-4188, first, then turn to Olimpiu's appeal, No. 12-4189.

## I. Appeal No. 12-4188

Silviu was initially charged with two counts: Count 1, alleging entry by false pretenses of an airport, in violation of 18 U.S.C. § 1036(a)(3), and aiding and abetting, in violation of 18 U.S.C. § 2; and Count 2, alleging unlawful possession/use of means of identification, in violation of 18 U.S.C. § 1028(a)(7), and aiding and abetting, in violation of § 2. Besides alleging a violation of the enumerated statutes, Count 1 specifically alleged that Silviu "did aid, abet, counsel, induce and procure . . . in violation of 18 U.S.C. § 1036(a)([4]) and . . . § 2." Indictment at 2, Silviu R. Vol. 1 at 21. Accordingly, when the government

dismissed Count 2[4] and Silviu pled guilty to Count 1, he was pleading guilty to a violation of both 18 U.S.C. § 1036 and 18 U.S.C. § 2. His Statement in Advance of Plea so stated:

> 2. I know that . . . the offenses to which I am pleading guilty are:
>
> > (a) entering and attempting to enter the secure area of the Salt Lake City International Airport by false pretenses . . . and aiding and abetting therein, all in violation of 18 U.S.C. § 18 U.S.C. § 1036(a)([4]) and 18 U.S.C. § 2.

Statement in Advance of Guilty Plea at 2, Silviu R. Vol. 1 at 48. Furthermore, in providing the factual basis for his guilty plea, Silviu stated:

> (e) I knew I was aiding Olimpiu Nedelcu in the possession of my identification without lawful authority, and that the identification would be used by him to fraudulently enter the secure area of the airport. I admit I knew I was aiding Olimpiu Nedelcu in entering the secure area of the airport.

Id. at 51.[5]

As indicated above, Silviu was sentenced to time served and a period of supervised release which has been completed. In his motion below, Silviu argued that his conviction should be vacated because the aiding and abetting portion of

---

[4]Count 2 also included an aiding and abetting charge. Its dismissal, however, had no bearing on Silviu's admission to aiding and abetting in Count 1.

[5]As the government acknowledges, the document entitled "Judgment" in this case does not specifically cite to the aiding and abetting statute, 18 U.S.C. § 2. Nonetheless, it refers to Count 1, which, as indicated *supra*, specifically included an aiding and abetting charge.

the case was dismissed and his individual conduct of lawfully securing a job at the airport was not a crime. He also represented that he had "completed his 1 year probationary release in an exemplary manner." Motion at 2, Silviu R. Vol. 1 at 308.

The district court denied Silviu's motion, whether viewed as a request for a writ of coram nobis or a request to vacate his conviction. It stated, "[a] review of the documents filed by Defendants reveals that this case does not present the 'compelling circumstances' required for the issuance of a common law writ. The thrust of Defendants' arguments is that a felony conviction was excessive and that, because of that felony conviction, they have encountered certain difficulties. This does not present a sufficient basis for relief." Mem. Decision at 3-4, Silviu R. Vol. 1 at 351-52. With respect to Silviu's argument that he had done nothing illegal because he was authorized to use his own identification to enter secured areas, the district court correctly observed that he ignores the aiding and abetting part of Count 1, to which he pled guilty.

We agree with the district court that Silviu has failed to demonstrate compelling circumstances warranting the issuance of an extraordinary writ. While his situation is certainly unfortunate, absent some compelling circumstance, we cannot vacate his conviction at this time, after he failed to file a direct appeal arguing this point, or any post-conviction petition when that was permissible. With respect to his argument that his completion of his term of

supervised release in exemplary fashion supports his request for a writ of audita querela, we simply note that that, too, is insufficient to demonstrate the kind of extraordinary situation necessary to grant a common law writ.

## II.  Appeal No. 12-4189

Olimpiu argues, as he did below, that facts occurring after his conviction entitle him to relief pursuant to a writ of audita querela.  The events on which he relies are the fact that he was not deported after his felony conviction, and that he has since become a lawful resident of the United States.  While laudable, these events have no bearing on the availability of a writ to vacate his felony conviction.  His conduct leading to his conviction was unlawful, regardless of what happened to his immigration status afterward.

Finally, both men argue that their felony convictions were excessive, given their actual conduct, and those convictions have made it difficult for them to obtain jobs and enjoy other desired situations.  Silviu's and Olimpiu's conduct fits squarely within the statutes of conviction.  Congress has deemed that conduct to constitute a felony.  The disadvantages accompanying a felony conviction do not, by themselves, warrant extraordinary relief under the All Writs Act.

In sum, the district court did not abuse its discretion in declining to issue a writ for either Silviu or Olimpiu Nedelcu.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the defendants/appellants' motions.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge