FILED
United States Court of Appeals
Tenth Circuit

March 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAMES DAVID THORNBRUGH,

     Defendant - Appellant.

No. 15-5116
(D.C. Nos. 4:15-CV-00541-CVE-FHM &
4:89-CR-00067-CVE-1)
(N.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TYMKOVICH**, Chief Judge, **EBEL** and **PHILLIPS**, Circuit Judges.

     James David Thornbrugh, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal of what it construed to be an unauthorized second or successive motion under 28 U.S.C. § 2255. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Thornbrugh contends that the district court erroneously concluded that he could not proceed under 28 U.S.C. § 2241 via the savings clause in § 2255(e). We deny a certificate of appealability (COA) and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I. Background**

Thornbrugh has had a convoluted journey through the criminal justice system. In 1989, a jury convicted him of three counts of bank robbery in violation of 18 U.S.C. § 2113 and three counts of possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). At the time, § 924(c)(1) imposed a mandatory minimum sentence of five years for a defendant's first § 924(c) conviction and a mandatory minimum of twenty years[1] "[i]n the case of his second or subsequent conviction under this subsection." The district court therefore imposed a forty-five-year sentence on the three § 924(c) counts of conviction: five years on the first count and twenty years each on the second and third counts, all to run consecutively.

On appeal, this court reversed and remanded for resentencing, concluding that an enhanced sentence under § 924(c) "is only proper when the underlying offense has been committed after a judgment of conviction on the prior section 924(c) offense." *United States v. Abreu*, 962 F.2d 1447, 1453-54 (10th Cir. 1992) (en banc) (consolidated with *United States v. Thornbrugh*), *cert. granted & judgment vacated*, 508 U.S. 935 (1993). Accordingly, we held that the district court erred in counting Thornbrugh's convictions on the second and third § 924(c) counts as second or subsequent convictions, because they were charged in the same indictment with his first § 924(c) offense. *Id.* at 1453. The Supreme Court later vacated our judgment

---

[1] This has since been increased to twenty-five years.

- 2 -

and remanded for further consideration in light of *Deal v. United States*, 508 U.S. 129 (1993).

In *Deal*, the Supreme Court held that "[i]n the context of § 924(c)(1), we think it unambiguous that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction. A judgment of conviction includes both the adjudication of guilt and the sentence." *Id.* at 132. Thus, for the six § 924(c) counts on which the defendant was found guilty, the Court upheld the imposition of a five-year sentence on the first count and a twenty-year sentence on each of the remaining five counts. *Id.* at 130-31, 137.

On remand from the Supreme Court in *Abreu*, this court concluded that *Deal* was indistinguishable from Abreu's and Thornbrugh's cases, so we vacated our decision and remanded for resentencing. *United States v. Abreu*, 997 F.2d 825, 826 (10th Cir. 1993) (en banc). The district court reimposed a forty-five-year sentence for Thornbrugh's three § 924(c) convictions. Thornbrugh did not appeal his sentence on the firearms convictions. He did, however, file a motion under § 2255 raising claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. The district court denied the motion, and this court denied a COA, *United States v. Thornbrugh*, No. 98-5146, 1999 WL 716885, at *4 (10th Cir. Sept. 15, 1999).

In 2010, Thornbrugh filed a motion for writ of error coram nobis, habeas corpus, or audita querela in which he argued that (1) the district court lacked

authority to enhance a sentence under § 924(c) and (2) his sentence was void because it was the jury that had to decide whether he had a prior § 924(c) conviction before his sentence could be enhanced and only the judge had made that finding. The district court denied the motion, concluding that Thornbrugh could not proceed under 28 U.S.C. § 2241 or the All Writs Act because his exclusive remedy was under § 2255. The court further concluded that because Thornbrugh had already filed a § 2255 motion, his motion would be an unauthorized second or successive § 2255 motion over which the district court would have no jurisdiction. The court rejected Thornbrugh's argument that the remedy under § 2255 was inadequate because he could not meet the requirements for circuit-court authorization. It further held that even if Thornbrugh could proceed by way of a writ, his claims were meritless. *United States v. Thornbrugh*, No. 89-CR-0067-CVE, 2010 WL 4637759, at \*2-3 (N.D. Okla. Nov. 4, 2010).

On appeal, this court agreed with the district court that Thornbrugh's exclusive remedy was under § 2255 and that he could not proceed by way of a writ. We further agreed that the district court lacked jurisdiction to consider Thornbrugh's motion as one under § 2255 because it was an unauthorized second or successive motion. We then construed Thornbrugh's notice of appeal and briefs as a request for authorization and denied it because Thornbrugh's claims did not meet § 2255(h)'s authorization requirements. *Thornbrugh v. United States*, 424 F. App'x 756, 759-60 (10th Cir. 2011).

Two years later, the Supreme Court issued its opinion in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which it held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt, *id.* at 2155. The Court expressly declined, however, to revisit its decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which it held that the fact of a prior conviction was a sentencing factor, not an element of the offense, and did not have to be charged in the indictment, submitted to a jury, or found beyond a reasonable doubt to serve as the basis for enhancing a defendant's sentence, *id.* at 226-27, 244, 247. *Alleyne*, 133 S. Ct. at 2160 n.1.

In July 2015, Thornbrugh tried yet again to challenge his sentence, by filing a "Petition under Section 2255, in the Alternative a Writ of Habeas Corpus under 28 U.S.C. 2241, or a Writ of Coram Nobis under the All Writs Act, 28 U.S.C. 1651." Relying on *Alleyne*, he argued that his two enhanced § 924(c) sentences were void because the fact of a prior conviction was not pled in the indictment, submitted to the jury, or found by it beyond a reasonable doubt. He further contended that *Alleyne* applied retroactively to cases on collateral review.

Recognizing that his claim would not meet the requirements for authorization to file a second or successive § 2255 motion, Thornbrugh contended that he could proceed under § 2241 through the savings clause in § 2255(e). The savings clause permits a federal prisoner to proceed by way of a writ of habeas corpus if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of

his detention." 28 U.S.C. § 2255(e). Thornbrugh argued that use of the savings clause was not limited to claims of fundamental error in a conviction, but included claims of fundamental error in a sentence. And because he was actually innocent of the enhanced sentence, he argued, he should be able to pursue relief under § 2241 through the savings clause.

The district court denied relief. Relying on this court's decision in *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), the court held that Thornbrugh had not shown that his remedy under § 2255 was inadequate or ineffective to raise his sentencing claim. In *Prost*, we held that for the savings clause to apply, "there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Id.* at 589. So long as "[t]he § 2255 remedial vehicle was fully available and amply sufficient to test the [defendant's] argument" when he filed his first § 2255 motion, it does not matter that the argument would have been novel or even foreclosed by circuit precedent at that time. *Id.* at 589-90. "The savings clause doesn't guarantee results, only process." *Id.* at 590. The district court reasoned that Thornbrugh had an available remedy under § 2255, which he exercised when he filed his initial § 2255 motion, and that the remedy was not inadequate or ineffective to test his current challenge merely because *Alleyne* was not decided until after he filed his initial § 2255 motion.[2]

---

[2] That Thornbrugh could have raised his current challenge before *Alleyne* was decided is evidenced by the fact that he actually did so: he raised the same challenge

(continued)

- 6 -

Having concluded that Thornbrugh could not proceed by way of § 2241, the district court treated Thornbrugh's motion as one under § 2255. But like his earlier filing in 2010, this § 2255 motion was an unauthorized second or successive motion over which the district court had no jurisdiction. The court considered whether it was in the interests of justice to transfer the matter to this court to allow Thornbrugh to seek authorization, *see In re Cline*, 531 F.3d at 1252, but concluded it was not, because Thornbrugh would not be entitled to relief under *Alleyne* in any event.

The court reasoned that *Alleyne* does not apply retroactively to cases on collateral review, and that, even if *Alleyne* did apply retroactively, the law is clearly established that the fact of a prior conviction need not be submitted to the jury before it can be used to enhance a sentence, *see United States v. Ridens*, 792 F.3d 1270, 1274 (10th Cir.) (recognizing that *Almendarez-Torres* survived *Alleyne*), *cert. denied*, 136 S. Ct. 494 (2015). The court also noted that, because the same jury convicted Thornbrugh of each of the § 924(c) offenses, including those used to enhance his sentence, the jury effectively made the finding of prior conviction necessary to enhance his sentence. There being no reason to transfer the matter to this court, the district court dismissed the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d at 1252. Thornbrugh seeks to appeal the dismissal.

---

in the motion for writ of coram nobis, habeas corpus, or audita querela that he filed in 2010, almost three years before *Alleyne* was decided.

To appeal, Thornbrugh must first obtain a COA under 28 U.S.C. § 2253(c)(1)(B). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal."); *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (requiring COA to appeal dismissal of filing that district court construed as unauthorized second or successive § 2255 motion). Although Thornbrugh has not filed an application for COA, his notice of appeal will serve as a request for COA. *See* Fed. R. App. P. 22(b)(2).

The district court's dismissal for lack of jurisdiction rests on procedural grounds. So Thornbrugh must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that the propriety of dismissing Thornbrugh's motion is not debatable. The district court correctly concluded, based on *Prost*, that Thornbrugh did not show that the remedy provided under § 2255 was inadequate or ineffective to test his challenge to his enhanced sentence. So his exclusive remedy was under § 2255. Thornbrugh does not dispute that a § 2255 motion raising his current challenge would be a second or successive motion requiring prior authorization from this court or that he does not have that authorization. Because a district court has no

jurisdiction to adjudicate the merits of an unauthorized second or successive § 2255 motion, *see In re Cline*, 531 F.3d at 1251, the court was unquestionably correct to dismiss Thornbrugh's motion.[3]

We therefore deny Thornbrugh a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[3] Although Thornbrugh challenges the district court's determination that he could not prevail on his *Alleyne* claim, he does not challenge the district court's decision to dismiss his motion rather than transfer the matter to this court.