FILED
United States Court of Appeals
Tenth Circuit

April 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICHARD SCOTT MCINTOSH,

      Defendant – Appellant.

No. 16-7078
(D.C. No. 6: 91-CR-00051-FHS-2)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

In 1991, Richard Scott McIntosh robbed the same Oklahoma bank twice.  He was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1.  It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.  Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A).  Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished).  *Id.*

convicted first in federal court and then in Oklahoma State Court. The federal judge sentenced him to 34 years in prison, the state court judge to life imprisonment plus 15 years. He is currently serving his federal sentence. In March 2016, he filed a motion for writ of coram nobis arguing the district court lacked personal jurisdiction due to errors in the use of a writ of habeas corpus ad prosequendum to obtain custody of him from the State of Oklahoma. The district judge denied the motion. He appeals from that denial.

His motion fails for a host of reasons. The first is the easiest; because he is currently in custody on the federal convictions, coram nobis relief is unavailable. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis.").

Next, a petitioner is not entitled to coram nobis relief "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). Section 2255 was not only available, but also relied upon. McIntosh filed such a motion. S*ee United States v. McIntosh*, No. 98-7048, 1999 WL46719 (10th Cir. Feb. 3, 1999) (unpublished) (denying a certificate of appealability to appeal from denial of § 2255 motion). He lost, but failing to prevail on the motion does not render § 2255 inadequate. *Cf. Prost v. Anderson*, 636 F.3d 578, 585 (10th Cir. 2011) ("[A] petitioner's failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective.") (quotation marks omitted). And there is more. He filed a second § 2255 motion disguised as a Fed. R.

Civ. P. 60(b)(4) motion. The second § 2255 motion raised the same jurisdictional issue he now presents in his motion for coram nobis relief. We denied authorization to file a second or successive motion. 28 U.S.C. § 2255(h). Like a failure to prevail, a failure to obtain authorization does not make the § 2255 remedy inadequate or ineffective. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions."); *Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011) (unpublished) ("The fact that [Thornburgh] must surmount procedural hurdles to bring a successive § 2255 petition does not make the § 2255 remedy, itself, inadequate or ineffective.").

Finally, the facts underlying his jurisdictional claim occurred and were known to him over twenty-five years ago. He has not shown diligence in bringing his claim. *Embrey v. United States*, 240 F. App'x 791, 794 (10th Cir. 2007) (unpublished) (diligence in bringing the claim is a prerequisite to granting coram nobis relief). He could and should have raised his jurisdictional claim on direct appeal or in his initial § 2255 motion. He did not. *Id.* (writ of coram nobis may not "be employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation").

**AFFIRMED**. Inexplicably, the district judge permitted McIntosh to proceed on appeal without prepayment of fees. We need not revisit that matter because only prepayment is excused, not the fees themselves. *See* 28 U.S.C. § 1915(a). McIntosh is

- 3 -

required to pay all filing ($5.00) and docketing ($500.00) fees to the Clerk of the District Court.

Entered by the Court:


**Terrence L. O'Brien**
United States Circuit Judge